## THOMAS J. ALLISON v. H. T. ALLISON.

Middle Section. May, 1928.

Petition for Certiorari denied by Supreme Court, December 23, 1928.

W. S. Noble, of Nashville, for appellant.
Jordan Stokes, Jr., of Nashville, for appellee.

HEISKELL, J. This suit was brought to settle the title to a small tract of land at Linton, Davidson county, Tennessee. It involves the construction of the will of Thomas J. Allison who died in 1900. He was the father of complainant, Thomas J. Allison and grandfather of the defendants. The suit involves, however, only two clauses of said will. The one devising land to complainant, Thomas J. Allison for life with remainder to his children, and that devising land to the father of defendants for life with remainder to them.

The devise to complainants is as follows:

"I will and bequeath to my son Thomas J. Allison all my land west of South Harpeth River on the right of the Nashville and Centerville Road going from Nashville to Centerville as it now is on the west side of said river, including the dwelling, the store house and the blacksmith shop the same being in Davidson county, Tennessee."

The devise to W. H. Allison, deceased, father of defendants, is as follows:

"I will and bequeath to my son William H. Allison all that portion of my land known as the Barham and Henry tracts of land, which lies on the west side of South Harpeth River and on the south side of the Nashville and Centerville road, leading from Nashville to Centerville as it now is."

The land in controversy contains about three acres and lies on the south or left-hand side of the Nashville and Centerville Road, going from Nashville to Centerville and west of the South Harpeth River, that is, between the river and the road.

The bill prays that the land be construed to be devised to complainant and that he be put in possession of same and if this cannot be done, that it be decreed that as to the land in question, that the testator died intestate and that it be sold for partition.

The minor defendants answered by guardian ad litem, the others filed an answer and cross-bill insisting that the said land passed to them under the terms of the will and that it be so decreed.

Complainants demanded a jury and submitted two issues to the court.

1. Were the lands in dispute and described in the pleadings known at and prior to the date of the execution of the will of Thos. J. Allison, deceased, as a part of the Barham and Henry tracts of land referred to in the will of the said deceased?

2. Was it the intention of the testator Thos. H. Allison deceased, to devise the land in dispute and described in the pleading to complainants in this cause?

The court made up and submitted to the jury only this one issue, instead of those submitted to the court by complainants:

"Were the lands in dispute and described in the pleadings at and prior to the death of Thos. J. Allison January 2, 1897, known as a part of the Barham and Henry tracts of land referred to in the will of said deceased."

The jury could not agree and there was a mistrial.

At the April term, 1927, when the case was reached for trial, complainant tendered five issues, all of which were declined by the court and the following single issue was submitted to the jury:

"Were the lands in dispute and described in the pleadings, at and prior to the date of T. J. Allison's will, on November 7, 1891, and at the death of Thos. J. Allison, January 2, 1897, known as a part of the Barham and Henry tracts of land, referred to in the will of the said deceased?"

And this issue the jury answered yes. Thereupon, the Chancellor entered a decree in favor of defendants, holding that it was the purpose and intention of the will to divide the testator's land west of South Harpeth River so as to leave all to the right or north of the Nashville and Centerville Road to T. J. Allison and all to the left or south of said road to W. H. Allison. Right or left of the road means in going from Nashville to Centerville. From this decree the complainants have appealed and assigned errors. We do not consider it necessary to follow the assignments in detail. The testator owned on the west side of the river two tracts of land, one known as the Barham and Henry tract, which went to W. H. Allison, and the other known as the Sherrill tract, north of and adjoining the other tract, which latter tract went to Thomas J. Allison. The small tract of land in controversy is a part of the Sherrill tract but cut off from the rest of said tract by the Nashville and Centerville road, so that the road and the river included this few acres along with the Barham and Henry tract of some four hundred acres. The theory of the complainants is that the land in controversy by the intention of the will went to Thos. J. Allison, although south of or on the left of the road, because it was not a part of the Barham and Henry tract. The theory and contention of defendants is that the land in dispute was known as a part of the Barham and Henry tract by virtue of

being thrown with it by the boundaries of river and road. That it was so known for many years during the lifetime of the testator and therefore passed under the language of the devise to W. H. Allison, ''All that portion of my land known as the Barham and Henry tract of land, which lies on the west side of the South Harpeth River and on the south side of the Nashville and Centerville road,'' and that this is especially true when considered in connection with the description of land devised to Thomas J. Allison ''All of my lands west of the South Harpeth River on the right of the Nashville and Centerville road.''

The Chancellor both in formulating the issues to be submitted to the jury and in rendering a decree based upon the verdict conceived the question he submitted to the jury to be the determinative question in the case. His idea was that if this tract of a few acres connected on to the Barham and Henry tract and extending north to where the road and river met, was known as a part of the Barham and Henry tract although strictly speaking it was not, that this, taken in connection with the express words of the will fixing the road as the boundary between the two devises, made the will so plain and unambiguous that no further issues or evidence were necessary in order to determine the intention of the testator. The jury answered the issue submitted in the affirmative. The Chancellor refused to set aside the verdict. It is not contended that there is no evidence to support the verdict, and there is such evidence beyond controversy. Therefore, it is an established fact in this record that all the land on the west of the river south of and to the left of the road going from Nashville to Centerville was known as the Barham and Henry tract. This being true, the Chancellor said in substance in his decree, that when the testator devised all his land known as the Barham and Henry tract, bounded on the north by the road, to W. H. Allison and devised all the rest of his land on the west of the river bounded on the south by the road, or lying on the north or right-hand side of the road, to complainants, that complainants could not come south of the road to claim the land in question. That with the fact left to the jury established, the will became so plain, clear and free from ambiguity as to preclude the necessity of other issues or further proof in order to have the jury pass upon questions which it is contended bear upon the intention of the testator.

The complainants sought to have the jury fix the line between the Barham and Henry tract and the Sherrill tract, but this was immaterial because it was conceded that the land in controversy did not belong to the original Barham and Henry land but became known as a part of it by being thrown with it by reason of the way the road ran in connection with the river, it being thus cut off from the other

tract and used in connection with and as a part of the Barham and Henry land.

Complainants also sought to have submitted to the jury, questions of the location of the land devised, with reference to the river and questions as to the location of springs upon the different tracts as a basis of argument to the jury as to the intention of the testator and also the question as to whether or not the draftsman of the will had omitted the word "and," at a certain place. We agree with the Chancellor that all the land south and to the left of the road being known as belonging to the Barham and Henry tract, the intention of the testator was too clear upon the face of the will to warrant any other finding of intention from any proof or issue offered.

A number of assignments are directed to excerpts from the charge of the court. We have examined these and find no error, and even if there were technical error, the merits of the case are reached by the verdict and decree.

Finally it is contended for complainant that even conceding the decree to be correct in deciding as to the title of the strip of land in question it was error to award the land to defendants without first ascertaining the location of the Nashville and Centerville road in 1891. The will dated November 7, 1891, refers to said road "as it now is." The decree fixes the road as it existed at that time as the boundary of the land in question. If the defendants have possession of any land north of the line of said road as it thus existed, the complainant is not precluded by the decree, but may demand and recover any land held by defendants north of said line, but there is no showing in this record to warrant the court in remanding this case for that purpose. This question was raised not only after the trial, but after the motion for a new trial, by a motion for the appointment of a commission to make an official survey, not of the land in question merely but of the land devised to complainants and defendants. It was not error for the court to overrule this motion.

All assignments of error are overruled, and the decree of the court below is affirmed. Complainants and sureties on their appeal bond will pay the costs of the appeal.

Owen and Senter, JJ., concur.