IMOGENE BROWN, by Next Friend, TOM M. BROWN, v. T. H. HOGAN, SR.

Western Section. December 16, 1931.

Petition for Certiorari denied by Supreme Court, March 5, 1932.

Dudley Porter, of Paris, for plaintiff in error.
R. H. Rhodes, of Paris, for defendant in error.

OWEN, J. The plaintiff, Miss Imogene Brown, a minor suing by her father as next friend, has appealed from a judgment rendered against her, dismissing her suit. Plaintiff's suit was for damages resulting from injuries sustained in an automobile accident that occurred in Graves County, Kentucky, on February 1, 1931. The plaintiff, at the time of the accident, was riding in the defendant's automobile, which automobile the defendant maintained for his pleasure and the pleasure of his family.

On the night of the accident, Joe Hogan, a minor and son of the defendant, drove his father's car, taking as a guest the plaintiff and another young lady and young man from Paris, Tennessee, to a dance in Murray, Kentucky. On their return from Murray to Paris the accident happened. It appears that the brakes of the car were in bad condition, and negligence on the part of the driver was proven. Plaintiff and defendant are residents of Paris, Tennessee.

Plaintiff's declaration contained two counts; the first count was based upon a statute of the State of Kentucky, which provides that:

"Where a highway passes through the residence portion of any city or town or around any sharp curve, or on a steep grade in or outside of such city or town, if the rate of speed of passing automobile exceed thereon twenty miles an hour it shall be prima facie evidence of unreasonable and improper driving."

The second count of the declaration was based on common law and invoked the family purpose doctrine. To this declaration the defendant filed a plea of not guilty and special plea as follows:

"For further, additional and special plea, the defendant avers that on February 1, 1931, and prior thereto and now, there was in force a certain statute of the State of Kentucky, being Chapter 85 of the Acts of 1930 of the General Assembly of the Commonwealth of Kentucky, which is and was in the following words, to-wit:

"Be it Enacted by the General Assembly of the State of Kentucky:

"First: No person transported by the owner or the operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for any injuries received, death, or any loss sustained in case of accident, unless such accident shall have resulted from an intentional act on the part of said owner or operator."

For replication the plaintiff joined issue on the defendants' special plea.

At the conclusion of all the evidence before the court and jury, the court directed a verdict in favor of the defendant and sustained defendants' special plea, being Chapter 85 of the Acts of 1930 of the State of Kentucky.

Plaintiff filed a motion for a new trial which was overruled, had a proper bill of exceptions signed, perfected an appeal and has assigned eight errors. By these eight errors, it is insisted that the court erred:

(1) In directing a verdict in favor of the defendant.

(2) In admitting the certified copy of Chapter 85 of the Acts of the General Assembly of the State of Kentucky of the year 1930.

(3) In holding that Chapter 85 of the Acts of 1930 of the State of Kentucky is not contrary to the public policy of the State of Tennessee as shown by its laws and decisions.

(4) In holding that Chapter 85 of said Acts of Kentucky for the year 1930 does not contravene sections 54 and 241 of the Constitution of the State of Kentucky, and in holding said act a valid act.

(5) In excluding a certified copy of an opinion of the judge of the Circuit Court of Fayette County, Kentucky, in the case of Maudie Green v. Clarence Walker, in which the circuit judge of said circuit court held that Chapter 85 of the General Assembly of the State of Kentucky for the year 1930 was unconstitutional, that said act contravenes sections 54 and 241 of the Constitution of the State of Kentucky.

The present suit is a transitory action. The plaintiff seeks damages for a tort, and the court has jurisdiction of the cause wherever the wrongdoer or defendant may be found and personal service is obtained upon the defendant.

Plaintiff has instituted her suit in the Circuit Court of Henry County, Tennessee, for injuries received while a guest and occupant of defendant's car. The act of negligence which caused the injury must be governed and controlled by the laws of the place where the injury is done. Graves County, Kentucky, is the lex loci of the accident, Henry County, Tennessee, is the lex fori.

"Where there is a conflict between the lex loci and the lex fori, the former governs in torts and in contracts. In order to maintain an action for tort founded upon an injury to the person, the act which is the cause of the injury and the foundation of the action must be actionable or punishable, at least by the law of the place where the injury is done; the mere fact that a right of recovery is given by the common law or by statute in the jurisdiction where the redress is sought will not be sufficient." 22 American & English Enc. of Law (2 Ed.), p. 1378.

"It is well-settled rule that the actionable quality of acts causing death or bodily injuries is to be determined by reference to the lex loci, rather than the lex fori." 5 R. C. L., 1038. Our supreme Court has followed this rule that the lex loci controls in a number of cases.

In the case of Nashville, etc., Railway Co. v. Foster, 78 Tenn., 351, our Supreme Court held:

"There is no question but the laws of Alabama controlled the rights of the parties in this case, and whether there was error in this part of the charge (referring to an instruction as to defendant's liability on the negligence shown) as given, or the refusal of the specific instructions asked for, depends wholly upon the laws of that State."

In Whitlow v. N. C. & St. L. Ry. Co., 114 Tenn., 357, 84 S. W., 618, the Supreme Court of Tennessee, speaking through Mr. Justice Neil, in dealing with a statute from another state, said:

"But it, by no means, follows that, because the statute of one state differs from the law of another state, therefore it would be held contrary to the policy of the laws of the latter state. Every day our courts are enforcing rights under foreign contracts where the lex loci contractus and the lex fori are all together different, and yet we construe these contracts and enforce rights under them according to their force and effect under the laws of the state where made. To justify a court in refusing to enforce a right of action which accrued under the law of another state, because against the policy of our laws, it must

appear that it is against good morals or natural justice, or that, for some other such reason, the enforcement of it would be prejudicial to the general interest of our own citizens.'' Nor will the court decline to entertain the action because of dissimilarity between the provisions of the Alabama Statute and those of our own upon the same subject.

Assignment number 1, which insists that Chapter 85 of the Acts of 1930 is contrary to the public policy of the State of Tennessee, is overruled.

Learned counsel for plaintiff has cited a number of Tennessee authorities in support of assignment number one, including Dedman v. Dedman, 155 Tenn., 241, 291 S. W., 449; Banks v. Walker, 14 Lea, 298; First National Bank v. Shaw, 109 Tenn., 237, and other opinions by our Supreme Court, in which decisions it has been held that rights and contracts arising under the laws of another state will not be enforced if repugnant to the policy and spirit of our laws.

We cannot say that Chapter 85 of the Acts of the State of Kentucky for 1930 is against ''good morals or justice or that the enforcing of said act would be prejudicial to the general interest rule on citizens.''

On the second proposition that said act is unconstitutional, that it contravenes certain sections of the Constitution of the State of Kentucky.

Learned counsel for the plaintiff has made at the bar a very earnest plea against the constitutionality of this act, Chapter 85. Counsel was asked that if the constitutionality of the act was the controlling feature of the lawsuit, and he answered in the affirmative a question as to the jurisdiction of this court was arising in the minds of the members of this court.

Counsel for defendant insisted that the plaintiff was in no attitude to raise the constitutional question for the following reason:

The defendant insists that under the pleadings in this case there was no issue before the trial court concerning the validity of Chapter 85, which was plead by defendant for the reason that plaintiff had filed a general replication, and the only thing that was put in issue by this plea was a denial of the existence of said law.

Defendant relies upon Shannon's Code, Section 4649, Smithson's Civil Procedure, page 791, Sections 19 and 20.

Section 20, by said authority, is as follows:

''The general replication that the plaintiff joins issue on the plea does not traverse the plea.''

In Tomlinson v. Darnall, 2 Head, 538, it appears that Darnall, the owner of a slave had sued Tomlinson, ''a patrol.''

Judge Carruthers, speaking for the court, says:

"The defense relied upon was that the acts complained of were done in the exercise of the duty of a patrol, by Tomlinson, with the assistance of others—The pleas were not guilty, and a special plea setting up the authority of a patrol—The plea justifies the act complained of, upon the ground that Tomlinson was a patrol. The general replication only puts that fact in issue. If the plaintiff intends to rely upon the fact that the chastisement was so excessive that it was not justified ·by the authority of the officer, that must be put in issue by a special replication, in the nature of a new assignment.

"2 Greenl. Ev., Sec. 634. Unless this is done, there is no notice of the fact to be tried. The pleadings present nothing to be tried but the fact of the plaintiff's official character; and if that be established, the verdict must be for him, and there is no other issue. If the plaintiff chooses to rely upon excessive punishment, or improper exercise of authority by the defendant, he must make an issue upon that point by a special replication to that effect. This would confess the plea but avoid its effect as a defense."

In the case of Roper v. Greerspon, 192 S. W., 154, being decided by the Supreme Court of Missouri, the constitutionality of an ordinance of the City of St. Louis was attacked. This ordinance had been set up by a special plea of the defendant, plaintiff merely joined issue. The court held that plaintiff in his· reply did not challenge the validity of the ordinance, but merely denied the facts alleged in the plea. In other words, instead of challenging the validity of the ordinance, plaintiff joined issue on the facts and denied its violation.

The Supreme Court of Missouri held the right to question the validity was waived, citing Bluedarn v. Railroad, 121 Mo., 27, 25 S. W., 947.

Furthermore, the plaintiff undertook to prove that Judge Richard C. Stall, Judge of the Circuit Court of Fayette County, had held Chapter 85 of the Acts of Kentucky for the year 1930 unconstitutional. The lower court excluded the certified copy of Judge Stall's opinion, and the exclusion of this paper was not made a ground in plaintiff's motion for a new trial. Grace v. Curley, 3 Tenn. App., 1.

Counsel for plaintiff further insists that it is the duty of this court to pass on the constitutionality of said act under consideration, even if raised for the first time on appeal, as it appears that the determination of the question is necessary to the decision of the case. We haven't the Constitution of Kentucky before us, we would be without jurisdiction to pass upon the constitutionality of the Acts of 1930. The constitutionality of said act, in our opinion, is not be-

fore this court. This court should not judicially notice the Constitution or Statutes of Kentucky or any other state. We can only notice the statutes or Constitution of another state when proven as evidence in the trial of the lower court.

In 12 C. J., 776-777, the rule as to attacks made upon statutes of another state is as follows:

"The courts of one state may declare unconstitutional a statute of another state on the ground of its contravening the constitution of the state enacting it, even where the courts of the state enacting the statute have not passed on it; but this power will be exercised only where the invalidity of the statute in question clearly appears."

In the instant case we are of the opinion that the constitutionality of Chapter 85 of the Acts of 1930 of the State of Kentucky was not properly raised in the lower court, and not having proven the Constitution of Kentucky, we are of the opinion that there is no constitutional question before this court, and this court has jurisdiction to hear and determine the case that is before us. The laws of other states are presumed to be the same as those of the state where the suit is brought until the contrary is shown.

It was held in Railroad Co. v. Wade, 1 Higgins, 780 (in which certiorari was denied by the Supreme Court), "that the courts of this State will not judicially notice the constitution of another state."

We think it safe to presume, where a statute of another state has been duly proven, that such statute does not contravene the constitution of the enacting state, unless the constitution is in evidence, and it clearly appears that the statute violates its provisions. In 1 Cooley's Constitutional Limitations (8 Ed.), 374, it is said: "It is but a decent respect due to the wisdom, the integrity, and the patriotism of the legislative body by which any law is passed, to presume in favor of its validity, until its violation of the constitution is proved beyond all reasonable doubt."

In the case of Bagwell v. McTighe, 85 Tenn., 616, 4 S. W., 46, our Supreme Court in speaking of a consideration to be given the laws of another State, said:

"But it is only when so offered as evidence below that this court is required to take such notice of the law of another state, and it will never do so for the purpose of putting the inferior court in error."

In the case of Templeton v. Brown, 86 Tenn., 50, 5 S. W., 441, our Supreme Court held that:

"It is sufficient to say that there was no proof offered of the Ohio law; that, after some uncertain sound in our decisions, it is now well settled in this State that this court will not take

notice of the statute laws of a sister state, unless proof of same be offered in the court below.''

The assignment that Chapter 85 of the Acts of 1930 was improperly admitted, it being the certified copy proven by the Secretary of State, and found in the bill of exceptions, pages 64 and 65, this insistence of the plaintiff is overruled.

The trial judge was not in error in admitting this certified copy of the Acts, Chapter 85 of the year 1930.

It results that all the assignments of error are overruled and disallowed. The judgment of the lower court is affirmed. Plaintiff will pay the costs of the cause there being no appeal bond, and the suit and appeal both being prosecuted on oath for poor persons.

Heiskell and Senter, JJ., concur.