THOMAS N. COPPEDGE, Plaintiff in Error, v. CLIFF S. BLACK-
BURN, Defendant in Error.

and

THOMAS N. COPPEDGE, JR., by next friend, Plaintiff in Error,
v. CLIFF S. BLACKBURN, Defendant in Error.

Western Section.   July 6, 1932.

Petition for Certiorari denied by Supreme Court,   July 11, 1933.

Chas. L. Neely, William G. Hall and Wm. M. Hall, all of Memphis. for plaintiff in error.

E. W. Braden and Wilson, Armstrong & Allen, all of Memphis, for defendant in error.

SENTER, J. These two cases resulted from the same automobile accident, and were tried by the same jury and upon the same evidence, except as to the nature and extent of the respective injuries sued for. For convenience the parties will be referred to as in the court below.

The declarations of the respective plaintiffs aver in substance, that Thomas N. Coppedge and his young son, Thomas N. Coppedge, Jr., were the guests of the defendant Blackburn in making a trip to the Beaver Dam Club in Mississippi on August 31, 1929, where the party intended to fish during the afternoon; that by the invitation of the defendant Blackburn, Coppedge and son were riding in the defendant's automobile, which was a coupe driven by the defendant Blackburn. The first count of the declarations aver that while the defendant was driving the automobile at a rapid rate of speed, between forty and fifty miles per hour on a gravel road in Mississippi, that suddenly and without warning the defendant pulled the car across a ridge of gravel that had been dragged to the center of the road by the road machine in grading the road, said ridge of gravel, dirt, etc., being about two feet at the base and about eight to eighteen inches

in height at different places in the center of said road, and that by cutting the car abruptly across said ridge of gravel, etc., the car skidded and turned over twice, resulting in the injuries complained of in the declaration to the respective plaintiffs.

The second count in both declarations pleaded specially the Mississippi statute on the subject of the lawful rate of speed at which an automobile could be driven on the public roads and highways of Mississippi, not to exceed forty miles per hour, and that said automobile at the time of the accident was being driven by defendant Blackburn at a rate of speed in excess of forty miles per hour.

To both declarations the defendant entered pleas of not guilty, and also contributory negligence upon the part of the respective plaintiffs that would bar any recovery by either of the plaintiffs.

The case was tried before Hon. A. B. Pittman, one of the Circuit Judges for Shelby County, and a jury. At the conclusion of plaintiff's evidence in the respective cases, the defendant made a motion for a directed verdict in his favor. This motion was overruled and disallowed by the court. At the conclusion of all the evidence the motion for a directed verdict was renewed by the defendant, which motion was by the learned trial judge sustained, and directed verdicts in both cases were given, and both suits dismissed at the cost of the respective plaintiffs.

A motion for new trials by the respective plaintiffs was made and overruled, and judgment rendered against the respective plaintiffs for the costs. From the action of the court in directing verdicts against the respective plaintiffs, and in dismissing their respective suits, and in overruling their respective motions for a new trial, both plaintiffs have appealed to this court in the nature of a writ of error, and have assigned errors.

The errors assigned apply to both cases. By the first assignment of error it is contended that the court erred in sustaining defendant's motion in each of said causes for a directed verdict, and in directing a verdict for defendant, and in not submitting the evidence in the cases to the jury, because there was evidence to support verdicts for plaintiffs; and because the question as to whether defendant was exercising due care in the driving and operation of said automobile was a question for the jury under the evidence contained in the record.

The second assignment challenges the holding and ruling of the trial judge in refusing to permit the witness J. R. Rainey, an automobile mechanic and professional automobile driver, qualified as an expert, to answer the hypothetical question predicated upon alleged proven facts, submitted to him; and in refusing to permit said witness to testify as a qualified expert, the effect of blow-outs, pull-outs,

and punctures in driving an automobile, and that a tear or slit four or five inches long could only result from the automobile wheel striking and overturning after the automobile was jerked sharply into gravel.

These are the only questions submitted under the five assignments of error.

There is some conflict in the evidence. However, the following facts are without serious conflict. It appears that plaintiff Thomas N. Coppedge is a physician and surgeon in Memphis; that he owned a membership in the Beaver Dam Hunting and Fishing Club, located about fifty miles south from Memphis, in the State of Mississippi. A few days prior to August 31, 1929, plaintiff, Dr. Thomas N. Coppedge, Sr., had visited Beaver Dam Club on a fishing trip, and upon his return spoke of his successful fishing trip to his friend, Mr. Blackburn, the defendant, and proposed that they would make a trip to the Club, and the trip was arranged for Saturday afternoon, August 31, 1929. No mention was made between them at the time as to whose car they would make the trip in. Shortly after one o'clock, Dr. Coppedge went to his home and got ready for the trip, and Mr. Blackburn drove to the home of Dr. Coppedge in his Marmon coupe, and it seems that by common consent they made the trip in Mr. Blackburn's coupe, Dr. Coppedge taking his nine year old son with him, and who sat in Dr. Coppedge's lap on the seat with Mr. Blackburn driving. After they crossed the State line into Mississippi, they traveled on a gravel road. This road had been recently graded, and gravel and dirt and perhaps weeds and grass had been dragged to the center of the road by the road grader, making a ridge down the center of the gravel road. This ridge of gravel, etc., was not of uniform height all the way, but varied from about a foot to a foot and one-half in width, and from six to ten inches high. The car was being driven at approximately forty to forty-five miles an hour. For a distance of a mile or more before the point where the accident occurred was reached, the road was straight, and it was perhaps a half a mile or a mile beyond the point where the accident occurred, before a turn in the road, or a curve. The party intended to go to the Club and fish during the afternoon, and return to Memphis in the late afternoon or early evening for dinner, and all seemed to be anxious to reach the fishing ground as quickly as they could. About a mile before the point of the accident was reached, Mr. Blackburn passed another automobile going in the same direction, and in doing so pulled over on the left hand side of the road, crossing the ridge of gravel in so doing. At the point where the accident occurred, Mr. Blackburn turned the car so as to cross the ridge of gravel to the right hand side of the road. The car skidded to the edge of the

side ditch and turned over twice, landing in a cotton field just off of the road. Dr. Coppedge was painfully, seriously, and perhaps permanently injured, and had to be taken from under the car. His son, Thomas N. Coppedge, Jr., also received serious bruises, abrasions and injuries, but of a less serious nature, as did also Mr. Blackburn.

Dr. Coppedge and his son testified that the accident resulted from Mr. Blackburn cutting the car across the ridge of gravel which was in the center of the road, causing the car to skid and to turn over. Mr. Blackburn testified that the accident resulted because of a blow-out in the right rear tire, and that because the tire went flat, he lost control and skidded into the gravel in the center of the road, which caused the car to swerve and turn over. Mr. Blackburn testified that he could feel that the tire had gone down suddenly, but did not hear a blow-out. Dr. Coppedge and his son both testified that they did not hear any sound of the blow-out of the tire. Others came promptly to the scene of the accident and helped to remove Dr. Coppedge from the wrecked car. One of these persons who drove up so shortly after the accident testified that he observed the car turned over on its side, and could see that one of the front wheels was still turning, and that one of the tires was flat. Two colored witnesses testified to the effect that the casing was nearly off of the right rear wheel and that the inner tube was partly out of the tire and that it had a slit or tear about four inches long. A negro automobile mechanic testified that he took the casing and the tube to repair it, and that there was no hole or other evidences of a blow-out in the casing, and that he did not find any nail in the casing. Another colored witness who lived near where the accident occurred, testified that he heard a sound or explosion resembling a shot, or a back fire or a blow-out. However, this witness had stated on a previous occasion that he had gotten two automobile accidents occurring near his house confused.

Plaintiffs introduced an automobile mechanic and professional automobile driver, a Mr. Raney, who testified that he was an expert automobile driver over dirt roads, and a professional, having won the world's championship. He was introduced as an expert to answer a hypothetical question submitted by plaintiff's attorney on an assumed state of facts, as to what would result or happen if the car, without slackening its speed, running at the rate of forty to fifty miles per hour, cut sharply to the right across the ridge of gravel in the center of the road from eight to fifteen inches in height, and approximately eighteen inches to three feet across its base. On objection by defendant's attorney, the court sustained the objection and declined to permit the witness to answer the question. The court also sustained objection by defendant's attorney, and refused to permit plaintiff to show by the witness Raney, the effect of blow-outs, pull-outs and

punctures in driving, and that a tear or slit four or five inches long would only result from the wheel striking and overturning after the automobile had been sharply jerked through a bed of gravel. This ruling of the court on this evidence was made the basis of certain grounds in the motion for a new trial, and has been assigned as error in this court.

We will take up and dispose of the question made with reference to the competency of this evidence before disposing of the other assignments of error.

We are of the opinion that this evidence was properly excluded by the trial judge, on the theory that it would have been but the opinion of the witness, although he had had much experience in driving automobiles. It was not shown that he had ever encountered the same or similar experience, or that he had ever had opportunity of observing the effect on an automobile or the tires, other than is common to the knowledge of drivers generally of automobiles. It no doubt could have resulted in injuring the tire so as to cause it to deflate, or even to burst. This is knowledge common to any person who has had occasion to drive through loose gravel, and matters about which the jury could have an intelligent opinion without the aid of expert testimony.

In disposing of a motion for a directed verdict in favor of the defendant, the court stated as follows:

"The motion for a directed verdict is granted. The doctrine of res ipsa loquitur does not apply in cases of this kind. There is no material evidence in this record to explain how that accident happened, other than that they were making around forty miles an hour, on the loose gravel. If that was negligent on the part of the driver of the car, it was equally negligence on the part of these others in the car. The evidence showed that they had been driving that way over this gravel right along. There is no evidence before the court that will permit the jury to do a thing on earth but to guess as to an act of negligence. If the speed of the car was the cause of the accident, there is no liability because of the doctrine of contributory negligence. If there was anything else that was a negligent act on the part of the defendant in this law suit, that was done to cause this accident, it has not been developed here. The court is of the opinion that the jury would simply have to speculate and guess at what caused this accident.

"Mr. Neely: If Your Honor please—

"The Court: Don't interrupt the judge when he is deciding the case.

"Mr. Neely: I thought you had finished.

"The Court: Wait until he has finished. When the Judge begins to decide it, there is no further argument.

"It is just an unfortunate case, so far as the evidence shows, an accident, unless it be that it is negligence to drive on loose gravel at the rate of forty miles an hour. I do not know. I think it is. I wouldn't do it. Twenty-five is all I go on loose gravel, but if that be negligence, if it would be considered in law negligence, then the doctrine of contributory negligence would apply, and the court is constrained to grant the motion.

"Mr. Neely: May I address the court, and inquire one thing, in regard to the doctrine of contributory negligence. Of course the accident occurred in Mississippi and the law of Mississippi is applied, and in Mississippi it is not the doctrine of contributory negligence, but the doctrine of comparative negligence—from what your Honor says, that makes no difference.

"The Court: I haven't seen introduced in the record anything on earth about the Mississippi law, except the statute that said forty miles an hour. If you have got any other statute pleaded, I haven't seen it or heard of it.

"Mr. Neely: No, sir, because that is the comparative negligence doctrine. But if your Honor please, the question I was asking about, that is this. Your Honor says that the doctrine of contributory negligence would apply to a child nine years old? Your Honor holds that as to a child nine years old?

"The Court: Yes, I think this is a most unusually intelligent, bright child, and the evidence shows that he was wanting to go faster than they did go. The court doesn't believe that it is a case of liability, Mr. Neely, under the law, and if I submitted it to the jury, it would simply be an idle gesture on the part of the judge."

It will thus be seen that in sustaining the motion for a peremptory instruction the learned trial judge based his action solely on the theory that the only act of negligence claimed by plaintiffs was that the car was being driven at a rapid rate of speed, and that they did not make any objection to the driver of the automobile, but that the young son of Dr. Coppedge encouraged the driver to drive faster, and that if the defendant was guilty of negligence in driving the automobile too fast in loose gravel, that plaintiffs were also guilty of contributory negligence that would bar a recovery by not protesting as to the danger.

Appellants have cited numerous authorities in support of the contention that the fact that plaintiffs and the defendant were making the trip together for the purpose of fishing at their destination did not make them joint adventurers, inasmuch as it is joint control of

the conveyance in which the trip is made, not the purpose of the trip, that makes the parties joint adventurers; and moreover, the doctrine of imputed negligence involved in the relationship between parties in a joint enterprise, does not apply between the joint adventurers themselves. (Hurt v. Y. & M. R. R. Co., 140 Tenn., 623, 205 S. W., 437; Schwartz v. Johnson, 152 Tenn., 586, 280 S. W., 32; Fuller v. Mills, 136 S. E., 807 (Ga. App.); Morgan Hill Paving Co. v. Fonder, 119 So., 610 (Ala.); Newell Contracting Co. v. Berry, 134 So., 871; O'Brian v. Woldson, 62 A. L. R., 436, note 442; 20 R. C. L., p. 149, sec. 132.)

Appellants further contend that defendant as driver of the automobile, owed plaintiffs as guests the exercise of ordinary care not to increase the danger of their undertaking, or to create a new danger, and is liable for injuries caused by his failure to exercise such care. Tenn. Central R. R. Co. v. Van Hoy, 143 Tenn., 312, 226 S. W., 225.

It is further contended by appellant that the jury would have been warranted in finding that defendant was guilty of negligence toward plaintiff, in suddenly without slackening speed, and without warning to plaintiff, cutting sharply from the left to the right side of the road across a ridge of gravel, dirt and grass, while driving the automobile at forty to forty-five miles per hour, or even less. Citing O'Brien v. Woldson, 149 Wash., 192, 270 Pac., 304, 62 A. L. R., 436.

It is further contended by appellant that where there was a conflict in the evidence as to whether or not the defendant was guilty of any negligence that caused the accident, and plaintiffs not guilty of any contributory negligence, that the question is one for the jury.''

It is well settled in this State that the trial judge may not encroach upon the province of the jury, and if there is any material evidence, when considered in its most favorable aspect to plaintiff's theory, it must be submitted to the jury under a proper instruction or charge by the court. (Kinney v. Y. & M. V. R. R. Co., 116 Tenn., 450, 92 S. W., 1116; Tyrus v. Railroad, 114 Tenn., 579, 86 S. W., 1074; Traction Co. v. Brown, 115 Tenn., 323, 89 S. W., 319.)

On the other hand it is equally well settled in this State that a person riding in an automobile must exercise due care for his own safety. (Stem v. Interurban R. R. Co., 142 Tenn., 494, 221 S. W., 192; Hurt v. Y. & M. V. R. R. Co., 140 Tenn., 623; Knoxville Light Co. v. Van Gilder, 132 Tenn., 489, 178 S. W., 1117.)

It is also well settled in this State that where it appears from the uncontradicted proof, or the most favorable inferences to be deducted therefrom, that the defendant was guilty of no actionable negligence, or that the injured person was guilty of proximate contributory negligence, the question is one of law for the determination of the court, and a motion for a directed verdict in favor of the defendant should, in such cases, be granted. (Schwartz v. Johnson, 152 Tenn., 586; Railroad v. Haines, 112 Tenn. 712; Harris v. Railroad, 114 Tenn.,

593; Knoxville v. Cain, 128 Tenn., 250; 159 S. W., 1084; Wiley v. Green River Lbr. Co., 8 Tenn. App. Rep., 273; Ill. Central Ry. Co. v. Beaver, 3 Tenn. App. Rep., 72.)

The authorities in Tennessee, and generally speaking in all other jurisdictions, are in accord on these propositions of law. Hence, it becomes a matter of applying these settled principles of law to the particular facts of each separate case.

If this automobile driven by the defendant was running at the rate of forty miles or more per hour, on a gravel road, and skidded in loose gravel, and nothing else appearing, we think that under the authorities and upon principle, that plaintiff, Dr. Coppedge was guilty of proximate contributory negligence as a guest of defendant riding in his automobile without protesting or making any complaint as to the rate of speed at which the automobile was being driven. Dr. Coppedge was an experienced automobile driver, and had frequently driven over gravel roads, and knew the danger incident to fast driving on loose gravel. He was riding on the front seat of the automobile with the defendant. The speedometer was in full view, and he made no complaint. His son was sitting in his lap, and was or had been shortly before the accident urging the defendant to drive faster.

However, the particular act of negligence averred in the declarations and in the first count, is that while driving at this rate of speed on the smooth part of the gravel road, that the defendant, without warning or notice, and suddenly, cut the automobile so as to cross a ridge of thick gravel and dirt that had been dragged to the center of the road by the road grader in grading the road, and that this was done without slackening the speed of the automobile. This is the theory upon which plaintiffs in the first counts of their declarations rested their claim of liability against the defendant, and we think stated a good cause of action.

On the other hand, the defendant claimed that he had a blow-out in one of the tires of his automobile, and that the tire went suddenly flat, which caused the automobile to skid into the gravel, and with the resultant accident. It is therefore the contention of appellee that this was an unavoidable accident and was not the result of any negligence upon the part of the defendant. Appellee cites numerous cases in his brief in support of the contention that the owner of an automobile is not liable to a passenger therein for an injury occasioned by a blow-out of a tire unless the owner had knowledge that the tire was defective. (Banta v. Moresi, 119 So., 900; O'Shea v. Lavoy, 185 N. W., 525; Kelly v. Galong, 236 N. W., 160; Waters v. Markham, 235 N. W., 797, and other cases and authorities cited.)

We think that the owner of an automobile is not liable to a passenger where an accident results from a blow-out of an automobile tire, where the owner had no knowledge that the tire was defective, and where the automobile was being driven with reasonable care and caution.

However, there was a very decided conflict in the evidence as to whether this accident resulted from a blow-out in the tire, or whether it resulted from the automobile being cut sharply across a thick ridge of loose gravel that caused it to skid and to turn over. According to the evidence of Dr. Coppedge and his son, they did not hear or feel a blow-out of the tire or the tire going flat suddenly; but they both testified that while the car was being driven on the smooth side of the road, and on the left side, without warning or notice, and without slackening the speed of the car, which was then being driven at from forty to fifty miles per hour, the defendant suddenly and without notice cut the automobile sharply to the right into the loose gravel that had been dragged to the center of the road, and that this caused the automobile to skid to the edge of the road in the side ditch, and to turn over and landing in the cotton field. If the accident occurred in this way and from this cause, we think the defendant would have been liable for the resultant injuries sustained by plaintiffs.

In the comparatively recent case decided by this section of the Court of Appeals, of Happel v. Arnold, this Court held that where the automobile was being driven by Arnold at a reasonable rate of speed as it approached a road crossing the concrete highway on which they were traveling; and when within about sixty feet of the road crossing a horse drawn vehicle started across the highway, and without any warning to Mr. Happel, the driver of the automobile suddenly accelerated the speed in an effort to pass in front of the horse drawn vehicle, and that the sudden acceleration of the speed from a reasonable rate of speed to a very high rate of speed, causing the automobile to skid and to turn over, was negligence upon the part of the driver, Arnold, and that plaintiff, Happel, was not guilty of contributory negligence, in that, the acceleration of the speed was suddenly made and without any notice that it would be made, and without any opportunity upon his part to protest. In the present case, according to the evidence of Dr. Coppedge and his son, the automobile was being driven at a rate of speed of forty or forty-five miles per hour, and according to the defendant's evidence, it was being driven at about thirty-five to forty miles per hour. Dr. Coppedge and his son testified that suddenly and without any notice to them, the defendant swerved or cut the car across and into the loose gravel in the center of the road causing the car to skid and turn over. This was the theory of the plaintiffs as to the cause of the accident. This

theory was supported by the evidence of both these witnesses, and constituted some evidence to support the charge of negligence in the driving of the automobile.

We are of the opinion that under the facts as disclosed by this record, the cases should have been submitted to the jury, under a proper charge, and that it was error upon the part of the learned trial judge to take the case from the jury by a peremptory instruction in behalf of the defendant.

We are further of the opinion that as to the case of Thomas Coppedge, Jr., that considering that he was a child of only nine years of age, that he was too young and inexperienced to know the danger of rapid driving on loose gravel. The learned trial judge states in commenting on the age of this child and his contributory negligence, that he was an unusually bright child. He was twelve years of age when he testified, but was only nine years of age at the time of the accident. It is true that he requested the defendant to drive faster shortly before the accident, and he was promptly reprimanded by his father, who remarked that he was not driving the automobile, and to let the defendant drive it, or in substance that. But can it be said that a child nine years of age can be charged with contributory negligence in the matter of riding in an automobile with his father and his father's friend when the car was being driven at a dangerous rate of speed in loose gravel; and that this would be true as a matter of law, and not a question to be submitted to the jury? We think not. We are of the opinion that this was also a question to be submitted to the jury.

For the reasons stated, we are constrained to hold that the learned trial judge was in error in directing a verdict in the two cases in favor of the defendant, and in dismissing the suits at the cost of plaintiff.

It results that the judgment of the lower court is reversed, and the cases are remanded to the Circuit Court of Shelby County for a new trial. Appellee will pay the cost of this appeal.

Heiskell and Owen, JJ., concur.