SLOAN v. NEVIL.—229 S. W. (2d) 350.

Middle Section.   December 9, 1949.

Petition for Certiorari denied by Supreme Court, April 29, 1950.

102

Jack Keefe, and Dunn & Davis, of Nashville, for plaintiff in error.

Payne & Olschner, of Nashville, for defendant in error.

HOWELL, J. This is a suit by Mrs. J. Louis Sloan, as the surviving widow of J. Louis Sloan, for the use and benefit of herself and her minor children, against Claude W. Nevil, and the first Count of the declaration alleges that J. Louis Sloan, deceased, was a paying guest passenger in the automobile of the defendant who was driving the car and that they and two others were on their way to St. Louis, Missouri, to see a World Series baseball game on October 15, 1946, and that the defendant knew or in the exercise of due care, should have known at the time the deceased was invited by him to make said trip that his automobile was in a defective and unsafe condition in that the right front wheel, axle, spindle and connecting parts or some of them were mechanically defective and unsafe in such a manner that an accident might have been anticipated by him, that defendant knew or should have known that his vehicle had been in such a defective and mechanically unsafe condition for a long time before said trip was begun, that defendant was

not only guilty of negligence and carelessness in failing or refusing to advise the deceased of such defect, but was guilty of gross and wilful and wanton negligence in failing to have his automobile properly inspected and repaired and in failing to advise said deceased of its condition; that the defendant knew or in the exercise of reasonable care should have known that it was extremely dangerous to the life and limb of the deceased, Sloan, as well as the other occupants, to use said car in transporting them at all and especially at rapid speeds for a considerable distance from Nashville, Tennessee, to St. Louis, Missouri; that as a direct and proximate result of the careless, reckless, wilful, and wanton acts of the defendant, as aforesaid, and in utter disregard to the safety of the plaintiff's intestate, the deceased was hurled violently into, against and upon the various parts of the interior of said vehicle when it overturned and was thrown from the car against the surface of the pavement of the highway, suffering severe and critical injuries, from which he died within a few hours, although he was rushed to a nearby hospital and every effort was made to save his life.

The second count adopts the allegations of the first count and also alleges that on the day and date aforesaid, the defendant Claude W. Nevil had worked at his usual place of employment since an early morning hour and had not had any sleep whatever from the time he arose on the morning preceding the accident until the said accident occurred; that he had come to the home of your complainant in the early evening and invited him, as aforesaid, to make said trip with him. Plaintiff avers that defendant was guilty of negligence in failing to advise the deceased Sloan of said fact and in continuing

to operate his vehicle over the long distance which he had travelled prior to the accident which occurred about 5:30 A. M. Plaintiff further alleged that at the time of said accident the defendant was operating his automobile in a careless, reckless and negligent manner, at a reckless and high rate of speed which was unreasonable under the existing circumstances, and that his negligence in so driving while in a fatigued condition caused said vehicle to overturn several times, hurling the plaintiff's intestate violently into, against and upon the interior part of said car and against the paved highway.

The deceased died on October 16, 1946, as a result of the injuries sustained.

The plea was not guilty.

The case was tried by the Circuit Judge and a jury and at the close of all the proof the trial Judge granted a motion made by the defendant and instructed the jury to return a verdict in favor of the defendant and the suit was dismissed.

After proper procedure the plaintiff has appealed in error to this Court and has assigned as errors that there is no evidence to support the verdict, that the verdict is against the weight and preponderance of the evidence, that the trial Judge erred in granting the motion of the defendant and also in ruling certain testimony as incompetent.

The facts as to how the accident which resulted in the death of J. Louis Sloan happened, are not disputed.

The defendant Claude W. Nevil was the owner of the 1940 Ford automobile and he and his friend and next door neighbor J. Louis Sloan and two other friends, Robert Clark and his brother William Clark, were on a trip to St. Louis to see a baseball game. The expenses

of the trip were to be paid by all four of the parties, each one fourth. They left Nashville about 7:30 or 8 o'clock in the evening and stopped in North Nashville to get oil, gas and have the car greased, the expense of which was $4.40, each paying his share or $1.10. About 4:30 the next morning while the defendant was driving, with the deceased on the front seat with him and the two Clarks on the rear seat and while near the town of Chester, Illinois, and while on a straight two lane concrete highway and going at a moderate rate of speed, the front end of the car dropped to the paving and the car turned over, staying on the highway. The deceased and the defendant were thrown out of the car and the two Clarks were rolled around on the back seat. The Clarks were both either asleep or dozing when the accident happened and offered no explanation of it. They were the only witnesses who testified for the plaintiff as to what happened on the highway.

The defendant offered the Illinois Guest Statute in evidence and he testified as to the happening of the accident: ''I was driving along and all of a sudden I sensed the car turning over and cut the ignition switch off and after that I don't know what happened until after it was all over with.''

The automobile was in good mechanical condition and a short time before the accident had been examined and gone over and repaired. New tie rods and tie rod ends had been put on it and the front end including the steering and wheels had been checked and lined up. The whole car had been inspected and gone over by the mechanic at a garage in Donelson. Nothing was wrong with the car so far as the defendant knew.

It is insisted for the plaintiff that the deceased, J. Louis Sloan, was a ''paying guest passenger'' in the

defendant's automobile and that the Illinois Guest Statute does not apply to this case. This statute as read into the record by stipulation of the parties is as follows: "No person riding in an automobile as a guest without payment for such ride, nor his personal representative, in the event of the death of such guest, shall have a cause of action for damages against the driver or operator of such motor vehicle, or its owner or his employee or agent, for injury, death or loss in case of accident unless such accident shall have been caused by the willful and wanton misconduct of the driver or operator of the motor vehicle, or its owner or his employee or agent, and unless such willful and wanton misconduct contributed to the injury, death or loss for which action is brought. Nothing in this section shall be construed to relieve a motor vehicle carrier of passengers for hire of responsibility for injury or death sustained by any passenger for hire." See Illinois Revised Statutes of 1945, c. 95½, Section 58a, Section 42—1, Laws of 1935, p. 1220, Illinois Motor Vehicle Act.

█ The law is well settled that in an action for injuries received while a guest and occupant of defendant's car the act of negligence which caused the injuries must be governed and controlled by the laws of the place where the injury occurred. See Brown v. Hogan, 14 Tenn. App. 251 and other cases.

Was the deceased under the facts of this case a guest with the meaning of the Illinois Statute?

In the Illinois case of Connett v. Winget, 374 Ill. 531, 30 N. E. (2d) 1, 3, the Supreme Court said: "In determining whether a person is a guest within the meaning of the 'Guest statutes' in the several States, consideration is given to the person or persons advantaged by the

carriage; if it confers only a benefit incident to hospitality, companionship or the like, the passenger is a guest, but if the carriage tends to promote mutual interests of both the person carried and the driver, or if the carriage is primarily for the attainment of some objective or purpose of the operator, the passenger is not a guest within the meaning of such enactments.'' See also Leonard v. Stone, 313 Ill. App. 149, 39 N. E. (2d) 388.

In the case of Boyd v. Mueller, 320 Ill. App. 303, 305, 50 N. E. (2d) 847, 849, the Court said: ''Plaintiff, insisting that the trip on which she was injured was a trip having a business aspect, says that because of lonesomeness Nichols, for his own pleasure invited his three friends to vist him at the airport and that the trip was primarily for the purpose of the owner of the car. In taking this position plaintiff ignores the fact that the only benefit conferred on Nichols was incident to the companionship of his friends and that the entire trip was devoted to social activities—the visit with Nichols at the Pal-Waukee airport, dinner at Des Plaines, the social ride in the evening, including a visit to another airport, without the slightest evidence of any business or material personal interest being suggested or promoted. If a trip is social its character is not transformed into a trip with business aspect because the owner suggests it or extends the invitation. In Gaboury. v. Tisdell, 261 Mass. 147, 158 N. E. 348, 349, plaintiffs were sisters of defendant's wife and lived in defendant's house; the accident occurred on a trip from Worcester, Mass., to Central Falls, R. I., plaintiffs, defendant and his wife and son were making the trip; plaintiffs claim that they were not guests because when invited by defendant one of them said she did not care to ride on Sunday because

there was too much traffic, and the defendant said: 'Do come for us. . . . It will be more pleasure for us. . . . Everything will be all right. Come along.' The court said: 'The relation in which the plaintiffs stood to the defendant was not changed by the conversation. The desire to have the plaintiffs accompany the defendant, and his statement that they would all have a better time if the plaintiffs joined in the trip and that everything would be all right, did not show that they accompanied the defendant for his benefit. . . . In the case at bar there was no pecuniary gain to the defendant in carrying the plaintiffs to Central Falls. The trip was to be taken for the mutual pleasure of all. The plaintiffs were the defendant's guests; they did not. cease to be such because their presence was pleasing to the defendant and they were solicited to accompany him and his family . . ..'' In McCornack v. Pickerell, 225 Iowa 1076, 283 N. W. 899, 902, plaintiff was invited by defendant to go with him to Illinois to be a witness at his wedding; she accepted, as she said, upon condition that she take a lunch along and pay one-third of the cost of the gas and oil to help pay the expenses; she also testified that defendant consented. The court held that a motion for a directed verdict should have been sustained, and said: 'She further testifies that she was requested to go for the reason that the defendant and Mrs. Donner were planning to be married and that the defendant wanted the plaintiff along. This does not seem sufficient, under the holdings of this court above referred to and the general rules laid down by other courts, to constitute the plaintiff a passenger for hire, but rather emphasizes the fact that she was a guest. There was no fixed sum of payment to be made, but a voluntary offer on the part

of the plaintiff to pay for part of the gasoline and oil. Nor does it appear that she was to render any service, unless the fact that she was to act as a witness at the contemplated marriage might be so construed. She went by invitation and in our opinion, following the rule which we believe to be the true one, she was a guest . . . .' "

In the case of Richards v. Parks, 19 Tenn. App. 615, 93 S. W. (2d) 639, 643, the court in an opinion by McAmis, Judge, said:

"In the Virginia case of Gale et al. v. Wilber, 163 Va. 211, 175 S. E. 739, decided by the Virginia Supreme Court of Appeals September 20, 1934, and reported in advance sheet of Southeastern Reporter (quoting from the syllabus), it was said:

" 'In determining whether person riding in automobile is "passenger" to whom driver owes high degree of care, or "guest" to whom driver is liable only for gross negligence, term "passenger" in its legal sense imports a contract for some pecuniary benefit from party riding in automobile, as distinguished from "guest" who rides gratuitously.'

"Here it is perfectly clear that there was no pecuniary benefit passing 'from party riding in automobile.' His transportation was furnished him gratuitously by Mrs. Parks and the fact that defendant received a pecuniary benefit' for driving (transportation and lodging) from plaintiff's host would not make plaintiff a 'passenger' of defendant.

"We are of opinion, therefore, that the gross negligence rule is applicable."

We are of the opinion that the fact that the deceased had agreed to pay one fourth of the expenses of the trip and had paid his one fourth of the $4.40 ex-

pended before the accident, did not make him a paying passenger and therefore he was a guest and the Illinois Statute applies.

It is also insisted for the plaintiff that the doctrine of res ipsa loquitur applies and furnishes an inference of negligence on the part of the defendant.

The doctrine or resipsa loquitur would not, if applicable to this case, create an inference of wilful and wanton negligence as contemplated by the Statute.

In this case the plaintiff offered no proof of any negligence of the defendant and if the doctrine of res ipsa loquitur furnished an inference of negligence we think this inference disappeared when the defendant explained the cause of the accident as the falling down of the front of the car on the highway.

In the case of Granert v. Bauer, 17 Tenn. App. 370, 67 S. W. (2d) 748, 750, this Court said:

"As to the second proposition, the rule of res ipsa loquitur has no application to a case of this kind. The rule is stated in 45 C. J., Section 768, p. 1193, as follows:

" 'Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care.'

"The above statement of the rule of res ipsa loquitur is based on the expression of an early English case, Scott v. London, etc., Docks Co., 3 H. & C. 596, and has been generally followed both in England and American jurisdictions, and is recognized in this state in Memphis

Street R. Co. v. Cavell, 135 Tenn. 462, 187 S. W. 179, Ann. Cas. 1918C, 42; De Glopper v. Nashville Ry., etc., Co., 123 Tenn. 633, 134 S. W. 609, 33 L. R. A., N. S., 913; Martin v. McCrary, 115 Tenn. 316, 89 S. W. 324, 1 L. R. A., N. S., 530; Thane v. Douglass, 102 Tenn. 307, 52 S. W. 155; Deming v. Merchants' Cotton-Press [& Storage] Co., 90 Tenn. 306, 17 S. W. 89, 13 L. R. A. 518, and numerous other cases.

"The rule is generally applied to common carriers or public service corporations and more frequently involving contractual relations, but has also been applied to private individuals in the operation of dangerous instrumentalities. However, it never finds application in cases where the proof shows the negligent act relied upon, or where the defendant goes forward with proof explaining the cause of the accident.

" In the present case, plaintiff's proof undertook to set out the acts constituting the negligence relied upon, i. e., that the defendant was driving the automobile in a negligent and careless manner over a bad piece of road, and did not have the automobile under proper control; and also a failure to apply the brakes. The defendant, at the conclusion of plaintiff's evidence, went forward with his evidence, and, by his own testimony, explained in detail how the accident occurred."

In the case of Coppedge v. Blackburn, 15 Tenn. App. 587, this Court said: "We think that the owner of an automobile is not liable to a passenger where an accident results from a blow-out of an automobile tire, where the owner had no knowledge that the tire was defective, and where the automobile was being driven with reasonable care and caution."

In the case of De Glopper v. Nashville Railway & Light Co., 123 Tenn. on page 646, 134 S. W. 609,

on page 612, 33 L. R. A., N. S., 913, Justice Lansden said: "If the act which caused the injury was shown by direct evidence, and all of the circumstances of the accident were shown in the proof, and if the only reasonable explanation of the accident should give rise to an inference of negligence, then the rule of 'res ipsa loquitur' would apply; but there can be no foundation for the application of this maxim where both the act which caused the injury and the negligence of defendant in relation to the act must be inferred from the accident itself. You cannot well say that an act is negligent, unless you know what it is."

In the case of Smith v. Fisher, 11 Tenn. App. 273, in an opinion by Faw, P. J., this Court held:

"Sudden breaking of a part of an automobile does not imply negligence.

"The rule of res ipsa loquitur cannot be applied where. the universal joint and brake band of an automobile suddenly snapped."

In that case Judge Faw also said that "the mere fact that the universal joint broke and the brake band 'snapped' is not, of itself, evidence of a negligent failure to inspect the truck."

■ In the case of Coppedge v. Blackburn, supra, the Court also said, 15 Tenn. App. on pages 594 and 595:

" It is also well settled in this state that where it appears from the uncontradicted proof, or the most favorable inferences to be deducted therefrom, that the defendant was guilty of no actionable negligence, or that the injured person was guilty of proximate contributory negligence, the question is one of law for the determination of the court, and a motion for a directed verdict

in favor of the defendant should, in such cases, be granted. (Schwartz v. Johnson, 152 Tenn. 586 [280 S. W. 32, 47 A. L. R. 323]; Railroad [Memphis St. Ry. Co.] v. Haines [Haynes], 112 Tenn. 712 [81 S. W. 374]; Harris [Tyrus] v. Railroad [Kansas City, Ft. S. & M. R. Co.], 114 Tenn. [579], 593 [86 S. W. 1074]; [City of] Knoxville v. Cain, 128 Tenn. 250, 159 S. W. 1084 [48 L. R. A., N. S., 628]; Wiley [Wylie] v. Green River Lbr. Co., 8 Tenn. App. 273 [373]; Ill[inois] Central Ry. Co. v. Beaver, 3 Tenn. App. Rep. [67], 72.)

"The authorities in Tennessee, and generally speaking in all other jurisdictions, are in accord on these propositions of law. Hence, it becomes a matter of applying these settled principles of law to the particular facts of each separate case."

[8] We are constrained to the conclusion that this accident was caused by a latent defect in the front part of the defendant's automobile that could not have been discovered by an ordinary inspection and was not discovered when the defendant had his car inspected by mechanics shortly before the accident and was not known to the defendant.

We do not think the trial Court abused his discretion or committed any reversible error in ruling upon the competency of rebuttal evidence as to statements made by the defendant several weeks before the accident. The record does not show what this evidence was.

In this case we are presented with a motion by the appellee to affirm the judgment of the trial court because certain exhibits were not properly filed. In our view of the case we do not deem it necessary to discuss this motion.

The assignments of error are overruled and the judgment of the Circuit Court dismissing the suit is affirmed. The plaintiff in error and the surety on the appeal bond will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.