THANE *v.* DOUGLASS.

(*Jackson.* April 19, 1899.)

1. DEMURRER TO EVIDENCE. *Rule stated.*

The demurrer to evidence admits not only the truth of all the evidence adduced, but also admits all the inferences that may be logically and reasonably drawn from the evidence. (*Post, pp. 308, 309.*)

Case cited and approved: Hopkins *v.* Railroad, 96 Tenn., 409.

2. NEGLIGENCE. *In handling runaway horse.*

Negligence in connection with the running away of a horse may be inferred, in the absence of explanatory circumstances, from the fact that it was the third time that the horse had run away. (*Post, pp. 311, 312.*)

Cases cited: Young *v.* Bransford, 12 Lea, 232; 13 Minn., 522; 21 Am. Law. Reg., 522.

---

FROM SHELBY.

---

Appeal in error from the Second Circuit Court of Shelby County. J. S. GALLOWAY, J.

DuBOSE & LAUGHLIN for Thane.

W. B. EDGINGTON for Douglass.

McFARLAND, Sp. J. This is a suit for damages for injuries to the person of Mrs. Margaret Thane, wife of William Thane. Trial before Justice of the

Peace, appeal, and new trial in the Circuit Court, and a verdict for $300, which was set aside, and a new trial awarded. On the second trial the plaintiff introduced his evidence, showing that Mrs. Thane was walking west upon Madison Street, in Memphis, Tenn., with her daughter, when they were suddenly and unexpectedly run into by a runaway horse, with a part of a wagon attached to him, which knocked them down, inflicting serious injuries. After plaintiff's proof had been introduced, defendant declined to introduce any evidence, and filed a formal demurrer to evidence, a practice already commended in proper cases by this Court. *Hopkins* v. *Railroad*, 12 Pickle, 409. The plaintiff joined on this demurrer, and, thereupon, the Court dismissed the plaintiff's case. The error assigned is this action of the Circuit Judge on this demurrer. It is contended by counsel for plaintiff that, under the proof in this case, and under the rules as to admission by demurrer to evidence of all facts proven and all proper inference therefrom, there should have been a judgment for plaintiff.

In *Hopkins* v. *Railroad*, 12 Pickle, 409, at page 422, this Court says: "The Court will also, on the argument of the demurrer, make every inference of fact in favor of the party offering the evidence, which the evidence warrants, and which the jury, with the least degree of propriety, might have inferred, but they ought not to make forced inferences." 1 Troubat & Haley's Practice, 509; 2 Tidd's

Practice, 865; 3 Starkie on Evidence, 435; Elliott's General Practice, Secs. 855–858.

"The demurrer not only admits the truth of all the evidence adduced by the party against whose evidence the demurrer is directed, but it also admits all the inferences that may be legally and reasonably drawn from the evidence. The probative force of the evidence is not confined to the direct effect of the evidence, but extends to the results reasonably deducible from it by logical and legitimate inference. It follows, therefore, that the facts which the evidence directly or indirectly tends to prove must be taken as admitted." 2 Elliott's General Practice, 858.

These being the rules applicable to demurrers to evidence, what are the facts proven? The plaintiff, Mrs. Thane, proved that the horse and wagon ran over her; that they came from behind, and she did not see the horse before the accident, nor at all, as she was rendered insensible. Her daughter, Miss Thane, who was with her, did see the horse, and that it was a gray horse attached to two wheels of a wagon. Other witnesses proved that defendant, Douglass, was a billposter, posting bills for the Grand Opera House; that he owned this horse; that it was seen twice before to break loose and run away. Douglass admitted he owned the horse. There were no facts or circumstances proven as to this runaway except that he was seen to run over these women. It is not proven where he started from,

except from east on Madison Street, though the inference is he started from a billboard of defendant near the scene of accident, from which he was seen to run away before. There was no proof who had charge of the horse at the time of the accident.

The legal question thus presented is, Do these facts, together with all the logical inferences deducible therefrom, make out such a case as will throw upon defendant the burden of proving there was no negligence upon his part? The general rule is that every person having charge of an animal is bound to use due care under the circumstances which surround him, and if, in securing or driving or otherwise using or tending such animal he does not use such care, and another is injured, he is liable to damages. Where there is no want of care, and a person's horses break away and do damage, he is not liable. Lawson on Rights and Remedies, 1389; *Dolfinger* v. *Fishback*, 12 Bush, 477; *Meredith* v. *Reed*, 26 Ind.; 334; *Hughes* v. *McNamon*, 106 Mass., 284; *Brown* v. *Collins*, 53 N. H., 442.

In *Rose* v. *Transportation Co.*, 21 Am. Law Reg., 522, which was an action in the Circuit Court of the United States by a passenger on a steamboat for injuries caused by an explosion of the boiler, Wallace, D. J., instructed the jury "that from the mere fact of an explosion it is competent for you to infer, as a proposition of fact, that there was some negligence in the management of the boiler or

some defect in its condition, for otherwise a casualty would not have occurred."

In *May* v. *Davidson*, 13 Minn., 522, which was an action by a passenger on one steamboat for injury caused by the explosion of the boiler of another steamboat, the learned Judge who delivered the opinion, by way of obiter, it is true, says: "But, irrespective of the Act of Congress on this subject, and speaking for myself alone, I am inclined to the opinion that, under the undisputed facts of this case, the explosion is *prima facie* evidence of negligence."

In *Young* v. *Bransford*, 12 Lea, 232, this Court held that, in an action for damages caused by the explosion of a steam boiler used for running a sawmill, it was error for the Court to charge that, when the injury is proved to have been done by the explosion, the burden is then thrown upon the defendant that he was guilty of no negligence." But, says the Court, further: "At the same time, the fact that there was an explosion, which is not an ordinary incident of the use of a steam boiler, ought to have some weight, inasmuch as it may be out of the power of the aggrieved party, in some instances, to prove any more. The reasonable rule would seem to be that laid down by Judge Wallace, as above, that, from the mere fact of an explosion it is competent for the jury to infer, as a proposition of fact, that there was some negligence in the management of the boiler or some defect in its condition."
We add that, doubtless, had this boiler been in the

habit of exploding, the Court would have held that proof of third explosion would have been such *prima facie* evidence of negligence as would have thrown burden upon defendant of showing want of negligence. 2 Thompson on Negligence, p. 389, says: "The mere fact that a horse runs away upon a highway is not conclusive evidence of negligence on the part of its owner or custodian, but it is a circumstance from which negligence will be presumed, in the absence of explanatory testimony." *Hummel* v. *Wester*, Bright, 133; *Kennedy* v. *Way*, Bright, 186. Here, the proof was that this was the third time this horse had run away, and we are of opinion that from this circumstance alone, in the absence of explanatory circumstances, the Court should have inferred negligence, and overruled the demurrer, and submitted to the jury the question of damages.

This case and No. 17, heard at the same time with this, are reversed, and remanded to the Circuit Court for submission to a jury to assess the damages.