GORSUCH, ADMR., *v.* SWAN.

(*Knoxville.*   September Term, 1902.)

**NEGLIGENCE.**   Prima Facie Case—Application of maxim,
res ipsa loquitur.

When a team of horses is found running away, unattended
upon a public highway, and doing hurt to plaintiff law-
fully thereon, proof thereof makes a *prima facie* case of
negligence against the defendant owner of said horses and
places on him the burden of showing that that the run-
away was not the result of a lack of care, either on his
part or that of his servant.

Case cited and approved:   Thane *v.* Douglas, 102 Tenn., 307.

Case cited and distinguished:   Young v. Bransford, 12 Lea, 232.

FROM KNOX.

Appeal in error from Circuit Court of Knox
County.   JOSEPH W. SNEED, Judge.

WEBB, McCLUNG & BAKER, for Gorsuch.

CHARLES T. CATES, JR., and T. A. R. NELSON, for
Swan.

MR. CHIEF JUSTICE BEARD delivered the opinion
of the Court.

The intestate of the plaintiff in error, while riding
in a buggy on one of the public roads of Knox county,

was fatally injured by a runaway team belonging to the defendant in error.   This suit was brought by the administrator to recover damages upon the alleged ground that it was through the negligence of the defendant, the owner of the team, or of his servant, that this runaway occurred, and his intestate was injured.   The trial resulted in a verdict for the defendant, and the plaintiff has appealed.   The trial judge said to the jury as follows: "In order that the plaintiff may recover in this case, it must be shown that the defendant or his servants were guilty of some negligence whereby this team of horses ran away and into the vehicle in which plaintiff's intestate was riding, and that such negligence was the prime, proximate and efficient cause of her injuries."   This was a correct application of the general rule that the burden of proof is on the party (the plaintiff in this case) having the affirmative of the issue; but, as the evidence in the cause clearly established the fact that the horses of the defendant, attached to his wagon, were running away, unattended by a driver, at the time they did the injury, the plaintiff submitted a proposition to meet this phase of the case, which was declined by the court. This proposition is in these words: "The fact that a team of horses hitched to a wagon are found running upon the public highway, without a driver or any one accompanying them, raises a presumption of negligence on the part of the owner of the horses

that will make him liable for any injury that may directly and proximately result therefrom, unless he shall show by a preponderance of evidence that neither he nor his servant had been guilty of negligence in letting the horses get loose." It was insisted that, as the request embodied a sound rule of law, which was raised by the facts of the case, it was error in the trial judge to decline it. This presents the question whether, upon proof by the plaintiff of the accident occasioned by the team of the defendant running away, without a driver, on a public road, a *prima facie* case of negligence was made, so as, without more, to put the burden of explanatory evidence on the defendant, or, having established so much, it was the duty of the plaintiff to have gone further, and shown that there was negligence on the part of the defendant or his servant in permitting the horses to escape his control. While the authorities are not agreed, it would seem the sounder reason would authorize in such a case the application of the maxim, *res ipsa loquitur,* for it is of common experience that horses which are well broken and kept under control will not, save in exceptional cases, break away from the one in charge of them, and inflict injury. So, when a team is found running away, unattended, upon a public thoroughfare, and doing hurt to one lawfully thereon, we think from this fact alone negligence is *prima facie* fairly imputable to the owner. This was the view taken

Gorsuch, Admr., v. Swan.

by the court in *Thane* v. *Douglass,* 102 Tenn., 307 (52 S. W., 155), a case which warranted the request in question, and announced a rule which should be adhered to, unless good reason can be shown for a departure from it. This view we find enforced by Judge Thompson in his Commentaries on the Law of Negligence, the first edition of which is now going through the press. In volume 1, sec. 1297, he says "that horses which are roadwise, and fit to be driven on the street or highway, and which are properly driven and cared for, do not, as a general rule, . . . run away. From this fact the conclusion is fairly deducible . . . that if a horse or a team of horses, while unattended on the street or highway, does damage, it constitutes . . . *prima facie* evidence of negligence, to charge the owner, driver or custodian, in the absence of an explanation on his part satisfactory to the jury."

In support of his text he cites a number of cases, among which are *Unger* v. *Railroad Co.,* 51 N. Y., 497, and *Strup* v. *Edens,* 22 Wis., 432. Both cases involved the question of the owner's liability for injury inflicted by runaway teams. In the first, the supreme court of New York said, "The fact that the horses were unattended and unfastened in the street was, unexplained, evidence of the negligence against the defendant;" and in the second, the rule is stated in these words: "The fact that the horses got loose and ran away is some evidence of negli-

gence. It is true such a thing might occur notwithstanding due care in hitching. But such would not be the ordinary result, and, unexplained, the reasonable inference from the first would be that there had been negligence in fastening the horses."

In the case at bar, in its development before the jury, it appeared that the defendant's servant had driven his master's horses to a public watering place, where, leaving them unhitched and unattended, they ran away, inflicting the injuries complained of. Yet in a great many cases it would be impossible for the plaintiff to show negligence unless the maxim of *res ipsa loquitur* was applied, while possibly in all cases it would be within the power of the owner to rebut the presumption of negligence by showing that the runaway was not the result of a lack of care, either on his part or on that of his servant; and to put this burden on him is no great hardship. Nor is there any antagonism between this holding and that of *Young* v. *Bransford,* 12 Lea, 232. In that case injury resulted from an explosion of the boiler used in a sawmill, while its owner was carrying on his lawful business, and this court, reversing the trial judge, held that negligence would not be imputed to the owner from the mere fact that the killing resulted from its explosion. It is there said that the reasonable rule was the one announced by Judge Wallace in *Rose* v. *Transportation Co.,* 21 Am. Law Reg., 522, as follows: "That from the mere fact

Gorsuch, Admr., v. Swan.

of an explosion it is competent for the jury to infer as a proposition of fact that there was some negligence in the management of the boiler, or some defect in its condition; but that it ought not to have the weight of a conclusive presumption, whether of law or fact, so as to compel the defendant, in order to avoid liability, to prove affirmatively that they were guilty of no negligence, and that the accident was unavoidable."

In the course of the opinion, and after an exhaustive review of the authorities, Judge Cooper concluded "that the question of the effect of the mere proof of the killing of the plaintiff's husband by the explosion of the defendant's boiler is one of grave doubt and great importance."

The reason for the court's declining to apply the maxim of *res ipsa loquitur* to such a case, and the adoption of the more restricted rule, is found in what immediately follows: "Steam," it has been well said, "has come into such general use as a motive power, not only in the operations of commerce and manufactures, but even in those of agriculture, that a rule of law making those who employ it insurers of the safety of others against damages arising from its use would not only be contrary to the analogies of the law, but would impose serious restraints upon the most necessary and beneficial industries. Both the proprietor of machinery impelled by steam and the engineer in charge of such machinery have the

strongest interest for watching over its safety. The property of one and the life of the other depend upon constant vigilance in this regard. These motives will ordinarily secure that degree of skill and attention which the safety of the public demand, without the aid of a rule making the proprietor liable in any event for damages from an explosion." We think that that case is thus easily distinguished from the present, where the injury results from animals generally susceptible to control, and, when looked after by their master with ordinary prudence, are unlikely to inflict injury either on the property or person of another. We therefore hold that the trial judge was in error in declining to give the special request. The judgment is therefore reversed, and the case is remanded for a new trial.

Other errors are assigned, but, without passing on them, we are content to rest our reversal on the one indicated.