## BUNGARDT v. YOUNGER.

No. 14468—Opinion Filed April 7, 1925.

Rehearing Denied Sept. 22, 1925.

1. **Physicians and Surgeons—Negligent Operations—Burden of Proof.**

Generally the skill required of surgeons in performing an operation is ordinary skill, and the care required of them in the subsequent treatment of the patient is ordinary care. In actions for negligence in cases of this character, plaintiff has the burden of proving want of ordinary skill in the performance of the operation or want of ordinary care in the subsequent treatment, and nonsuccess or unsatisfactory results of the operation will not alone establish the essential elements of legal detriment.

2. **Same—Weight and Sufficiency of Evidence for Jury.**

However, where there is evidence of facts attending the operation or the subsequent treatment which in the ordinary affairs of life would bear a causal relation to the demonstrated result, and those facts are of such nature as to be comprehensible and understandable to laymen of ordinary intelligence, the probative value of such evidence and the causal relation of such facts to the alleged legal detriment are questions of fact for determination by a jury under proper instructions.

3. **Same—Expert Evidence — Declarations Against Interest—Demurrer to Evidence.**

In such a case, where expert evidence is required to make out a cause of action, and there is evidence of declarations against interest proved to have been made by defendant, himself an expert, and assuming to treat plaintiff with ordinary skill and care, which, with all the other facts and circumstances in evidence, tends to show a want of ordinary skill and care in such treatment and to show a causal relation of such want of skill and care with the resultant detriment complained of, such evidence is sufficient, as against a demurrer thereto, to entitle plaintiff to go to the jury.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Washita County; Thomas A. Edwards, Judge.

Action by Joe Younger, a minor, by J. S. Younger, his guardian, against A. H. Bungardt to recover damages for negligence in the treatment and care of a fracture. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was commenced in the district court of Washita county April 10, 1922, by plaintiff filing therein his petition against the defendant, A. H. Bungardt, wherein it was alleged in substance that on or about April 10, 1920, plaintiff was run over by an automobile and his left leg broken, and that he employed the defendant, who was a practicing physician and surgeon, to treat him for his said injuries: that in the treatment of said injuries the defendant set the fracture of the tibia, or large bone, but failed to dis-

cover that the fibula, or small bone, was also fractured near the ankle and gave this fracture no attention; that after setting the broken tibia defendant placed a plaster cast upon plaintiff's left leg from the foot to the knee and took a skiagraph thereof which showed a proper setting of the large bone, and plaintiff was thereupon returned to his home; that he suffered great pain in said *left leg at or near the ankle, and that he* complained to said defendant of such suffering and told the defendant repeatedly that he believed the other bone in the leg was also broken, but that defendant assured the plaintiff and his parents that the small bone was not broken and permitted said plaster cast to remain upon plaintiff's leg without further examination or diagnosis for a period of about three weeks, and when the same was finally removed the fracture in the small bone was discovered and thereupon the said defendant advised that it was necessary to rebreak the large bone and to reset the leg by reason of the fact that the broken ends of the small bone had overlapped; that this was done and the leg again enclosed in a plaster cast, but that the results obtained were unsatisfactory and defendant advised that another operation be performed and what is known as a Lane plate be attached to the large bone to hold it in position; that this was also done, but plaintiff's leg failed to properly heal or the bones *to properly unite resulting in the permanent deformity of plaintiff's left leg and to the permanent impairment of its usefulness, and* plaintiff asked judgment for damages by reason thereof.

Defendant filed his answer consisting of a general denial, and upon the issues thus framed the case was tried to the court and a jury January 31, 1923, resulting in a verdict and judgment in favor of the plaintiff. After unsuccessful motion for new trial defendant has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Ames, Chambers, Lowe & Richardson and Massingale & Du¼, for plaintiff in error.

Ash & Jones, for defendant in error.

Opinion by LOGSDON, C. Of the numerous assignments of error defendant presents in his brief only the first one, which reads:

"Did the court err in overruling the demurrer of the plaintiff in error to the evidence of the defendant in error?"

Under this assignment two propositions are stated and argued, and authorities are cited and quoted from in support of each. The first proposition reads:

"Under the issues formed it was incumbent upon the defendant in error either to prove that the plaintiff in error failed to exercise and employ that ordinary skill and ability which the law implies that he possesses, or else to prove that the plaintiff in error failed to give ordinary care and attention in the treatment of the boy, and that as a result thereof the boy sustained damage."

This proposition is based upon the holding of the territorial Supreme Court in the case of Champion v. Keith, 17 Okla. 204, 87 Pac. 845, which has been followed and approved by this court in Kernodle v. Elder, 23 Okla. 743, 102 Pac. 138. These cases undoubtedly state the correct rule as to the burden of proof resting upon the plaintiff in this character of action, and reflect the consensus of judicial opinion thereon.

The basis and gist of the instant action is negligence of the defendant in failing to discover, or if discovered, in failing to properly set and treat the fracture of the fibula at the time the fracture of the tibia was set and treated. To this alleged negligence is attributed the subsequent necessity of rebreaking the tibia and resetting it, resulting in lack of union and incorrect apposition, all contributing to the condition thus expressed at page 49 of defendant's brief: "The boy exhibited to the jury a badly deformed leg. It was bent considerably and made an ugly looking exhibit for the consideration of the jury." As was said by Justice Dunn in Kernodle v. Elder, supra:

"Of course, if plaintiff's limb within a proper time had been restored in the treatment secured to a perfect limb, as it was prior to the time when broken, he could not recover from the physician who treated him, notwithstanding lack of skill shown or negligent care bestowed."

Was there evidence of negligence sufficient, as against a demurrer thereto, to take the case to the jury? This is the sole question presented in this proceeding.

Before considering in detail the evidence introduced in support of the allegations of negligence, it may be well to recapitulate some of the well recognized and generally accepted rules by which the question of negligence in this character of actions is to be determined. As embraced by the proposition of defendant now being considered, negligence is not predicable upon the nonsuccess of a surgical operation where reasonable skill and ordinary care are exercised

in its performance, nor is negligence predicable upon error of judgment in the method of treatment where ordinary care and intelligence direct such judgment. But if in the exercise of reasonable skill and ordinary care it ought to be discovered that on injury or ailment does not yield to the usual and approved method of treatment, the failure to discover this fact, or, if discovered, a failure to acquaint the patient with that fact will constitute negligence. These rules furnish the basis for the two essentials of the right of recovery in this character of action, as stated in Kernodle v. Elder, supra:

"First, It must appear from the evidence that the plaintiff sustained and suffered legal detriment or damages; and second, such detriment or damage may not be referable solely to the accident with which he met, but it must be shown on his part that considering the accident which he suffered, and his employment of a physician, still he is left in a condition worse than was his right to demand and expect, if his physician was ordinarily skillful and gave him the proper care."

Applying these rules of law to the evidence as it stood at the time the demurrer was interposed, can it be said that the trial court erred as a matter of law in overruling the demurrer? The fair substance of plaintiff's evidence was:

That on April 10, 1920, plaintiff was taken to defendant's hospital to be treated for a broken leg, the injury being to the left leg between the knee and ankle. Defendant was an experienced physician and surgeon, holding himself out as such and accepting this character of employment. Treatment was administered and the large bone, or tibia, was set and a plaster cast applied. After this had been done a skiagraph was taken of the leg which showed that the tibia had been properly set and was in correct apposition. Plaintiff was then removed to his home and placed in bed. Shortly thereafter he began suffering intensely from constant pain near his left ankle. He and his parents both called defendant's attention to this and suggested their belief that the small bone, or fibula, was also broken. Defendant assured them it was not, and told the parent to "give him a little anesthetic and get him to rest and he will be all right." Defendant saw plaintiff or members of his family every day during this period, and was fully advised of the continued severe suffering of the patient. After thus suffering and continuing in bed for two weeks, defendant advised that the boy get out on crutches, which he did, but his suffering

was not abated. Finally, about three weeks after the cast was put on, defendant agreed to remove it and to make another examination. The boy went on his crutches to defendant's hospital April 28, and defendant removed the cast. At this time defendant made an examination, replaced the cast and pronounced the leg "perfectly all right and in good shape," and sent the boy home on his crutches. The next day, April 29, on further insistence by the parents defendant directed that the boy be brought again to his hospital and another skiagraph would be taken. This was done and the picture showed that the small bone, or fibula, was broken near the ankle and that its ends overlapped each other. The big bone, or tibia, was also out of apposition and slightly lapped. Defendant then advised that an operation was necessary; that the tibia would have to be rebroken and both bones reset, and advised the application of a Lane plate to the fracture of the large bone to hold it in place after the operation until a new union was formed. This was accordingly done and the leg again placed in a cast. Skiagraphs thereafter taken in June and December show that after this second operation bone absorption commenced in the broken ends of the large bone resulting in nonunion, weakness, and deformity. It is further shown by the testimony of Dr. Freeman that another operation will have to be performed if the boy is to have a good leg.

Do the facts thus reflected by the testimony at the time the demurrer to the evidence was interposed show a lack of that ordinary care and attention in the treatment which plaintiff was entitled to expect and receive?

Ordinary care is defined by our statute to be such care as persons of ordinary prudence usually exercise about their own affairs of ordinary importance. (Comp. St. 1921, sec. 3531.) A want of ordinary care constitutes negligence. (Comp. Stat. 1921, sec. 3533.) A generally recognized rule is thus stated in 21 R. C. L., p. 390. sec. 34:

"When a surgeon performs an operation, not only must he use reasonable and ordinary care and skill in its performance, but also in the subsequent treatment of the case. It is his duty to give the patient such attention after the operation as the necessity of the case demands, in the absence of any special agreement limiting the service or reasonable notice to the patient."

Of course, this character of negligence or want of ordinary care cannot be predicated primarily upon the results obtained, be-

cause in that event recovery would be based purely on speculation and conjecture rather than on facts in evidence. A jury would be required to reason backward from the demonstrated result and reach a conclusion as to the causes contributing thereto, which would necessarily be theoretical. But where there is evidence of facts which a jury may grasp and understand and apply thereto a common knowledge and intelligence then the case presented is one of fact and a recovery is not based on speculation and conjecture. As was said in Kernodle v. Elder, supra:

"Should it be shown, however, by the evidence, that the limb which plaintiff had was not such a limb as a physician of ordinary skill and using ordinary care and diligence should have left him with, after treating it, then the burden is upon plaintiff, in order to sustain the verdict in this case, to show by the evidence that this result was brought about through lack of skill on the part of the physician, or through some wrongful or negligent act of omission or commission on his part. Neither of these conditions should be supported merely by theory, conjecture, or inference, but they should be based upon tangible, substantial evidence which the court and jury may grasp and understand."

Measured by these settled legal principles it cannot be said that there was such a lack of evidence of want of ordinary care and attention in the instant case as would make the action of the trial court in overruling the demurrer to the evidence reversible error, unless defendant's second proposition renders it so. This second proposition reads:

"In actions for the recovery of damages for malpractice on the part of a physician no recovery can be had by the plaintiff unless upon expert testimony showing that the physician or surgeon in doing the things complained of did not use and employ the skill and care ordinarily required of physicians and surgeons."

At the time the demurrer to plaintiff's evidence was interposed, in addition to the evidence heretofore abstracted, plaintiff had proven by several witnesses as a part of his case in chief certain declarations against interest claimed to have been made by defendant between the time of the first setting of the tibia and the time of the Lane plate operation. These declarations against interest tended to show that the fracture of the fibula was not discovered by defendant until some three weeks after the tibia, that he expressed surprise at finding the fibula fractured, and stated, in substance, that if he

had discovered and treated that fracture in the first instance along with the tibia, the leg would have required no further operation and recovery would have been complete. These declarations, if made, were made by an expert assuming to treat plaintiff with ordinary skill and care, and tended to prove a want of ordinary skill and care in such treatment This was competent evidence for the purpose offered, and, together with all of the other facts and circumstances in evidence, including the testimony of Dr. Freeman, made such a case entitled plaintiff to go to the jury. As was said by the court in the case of Cassingham v. Berry, 67 Okla. 134, 168 Pac. 1020.

"The importance, delicacy, hazard and moment of the undertaking all enter into the question as to what, under the circumstances, amounts to reasonable and ordinary care, and is a question of fact for the jury."

It is therefore concluded that the trial court did not commit reversible error in overruling the demurrer of the defendant to the plaintiff. All other assignments of error bring expressly waived or abandoned, the judgment of the trial court entered upon the verdict should be in all things affirmed.

By the Court: It is so ordered: