**MUCKLEROY et al. v. McHENRY.**

No. 21248. Opinion Filed Oct. 11, 1932.

Rehearing Denied Nov. 22, 1932.

Bruce & Jefferson, for plaintiffs in error.

Fred W. Martin, for defendant in error.

CULLISON, J. Plaintiff, W. C. McHenry, instituted suit against R. B. Surratt, H. L. Muckleroy, and E. A. King, seeking to recover damages from defendants for certain alleged malpractice in the treatment of a fracture in plaintiff's leg.

Upon the trial of said cause, plaintiff recovered a judgment against defendants, from which judgment Muckleroy and King appealed to this court.

The record discloses that each of the three defendants are practicing physicians. Plaintiff received an injury resulting in a fracture to the leg bone near the hip. Plaintiff was first treated by Dr. Surratt, then removed to a hospital in Muskogee, where he was also attended by Doctors Muckleroy and King. An X-ray picture of the fractured bone disclosed that certain pieces of the factured bone extended into the flesh.

An attempt was made to get said fragments of bone in place, but they could not be returned to their proper place and an operation was decided upon, and plaintiff's leg was operated upon, the fragments of bone removed, and the bone set and limb placed in a brace.

The incision in plaintiff's leg healed very shortly. When plaintiff had been in the

hospital some 14 days, he became impatient with remaining in the hospital and decided to go home. Dr. Muckleroy, who was in charge of the hospital, remonstrated with the plaintiff relative to going home, but plaintiff would not listen to any suggestions relative to remaining in the hospital longer and had his folks come after him and take him home in a truck.

Plaintiff's leg was in a Thomas brace, but when plaintiff decided to go home his limb was put in a different splint. Plaintiff returned to his home and made a trough which he used to put his leg into. He removed the splints that had been placed thereon by the doctors, and laid the leg in this trough that he had constructed, where he said it was easier on his leg and not so painful as while held in the splints.

When plaintiff got ready to leave the hospital, Doctor Muckleroy warned him relative to the hazard of leaving so soon, and being unable to convince plaintiff that he should remain in the hospital, Muckleroy procured a signed statement from plaintiff that:

"I am leaving the hospital on my own accord and desire, without being discharged and am taking all responsibility for results of a good or bad union myself and releasing all attendants in the case."

It developed that plaintiff had a bad union in his limb, and he seeks to recover damages from defendants for said bad union.

At the close of plaintiff's evidence, defendants demurred to the evidence, which demurrer was overruled, and at the close of all the evidence defendants moved for a directed verdict, which motion was overruled, to both of which rulings of the court the defendants saved proper exceptions, which said rulings of the court are the principal assignments of error presented by defendants in their appeal.

This court has established the rule relative to the degree of care and skill that a practicing physician or surgeon must use in the treatment of any case which he accepts.

The rule is a special one covering this particular class of cases. In the case of Champion v. Kieth, 17 Okla. 204, 87 P. 845, this court first announced the rule, which is as follows:

"A physician or surgeon is never considered as warranting a cure, unless under special contract for that purpose. His contract as implied by law is that he possesses that reasonable degree of learning, skill, and experience which is ordinarily possessed by others of his profession, that he will use reasonable and ordinary care and diligence in the treatment of the case which he undertakes, and that he will use his best judgment in all cases of doubt as to the proper course of treatment. He is not responsible for damages for want of success, unless it is shown to be the result of want of ordinary skill and learning, such as ordinarily possessed by others of his profession, or for want of ordinary care and attention. He is not presumed to engage for extraordinary skill or for extraordinary diligence or care, nor can he be made responsible in damages for errors in judgment, or mere mistakes in matters of reasonable doubt or uncertainty."

Said rule has been followed in the cases of Kernodle v. Elder, 23 Okla. 743, 102 P. 138; Bungardt v. Younger, 112 Okla. 165, 239 P. 469, and Wiley v. Wigg, 124 Okla. 30, 254 P. 22.

In applying the rule just announced to the case at bar, we must determine whether the evidence in support of plaintiff's case was sufficient to withstand the demurrer lodged against it and the motion for a directed verdict in favor of the defendants.

We observe that there was no special warranty of cure or special contract in the case at bar, but that the only contract would be the implied contract that defendants possessed that reasonable degree of learning, skill, and experience which is ordinarily possessed by other members of the medical profession and that the defendants would use reasonable care and diligence in the treatment of the case and they would use their best judgment in all cases of doubt as to the proper course of treatment.

In the case at bar, plaintiff contends that the pieces of fractured bone that were removed from plaintiff's leg should not have been removed, and is compelled to predicate his case upon this proposition that the removal of said pieces of bone was the absolute cause of plaintiff's failure to receive a good union.

The X-ray shows that the bone was shattered and portions extended some distance into the fleshy part of the leg. It also shows that a portion of the bone extended so as to touch at the place of fracture. The X-ray photograph taken a considerable time after the accident shows that the bone was drawn completely out of alignment and that the ends were not meeting so as to produce a good union. This failure of the ends to meet and produce a good union and thereby give plaintiff a good recovery is the basis of his suit.

It will be recalled that plaintiff left defendants' hospital prior to the time said fractured bone had healed, and that he left the hospital against the wishes and instructions of defendants. That his fractured limb had to be removed from a certain device used in the hospital and that defendants placed said fractured limb in splints. The evidence further shows that plaintiff removed the splints after arriving at his home and placed the limb in a trough which he had constructed.

It is common knowledge that it acquires considerable time for a fractured bone to knit and heal, and it is also common knowledge that a fracture in the thigh with the heavy muscles drawing against the bone is a difficult wound to procure good results unless the fractured parts of the bone are properly held until they have firmly united.

Neither does the evidence show that the surgeons were lacking in qualification or experience, but that they used their best judgment in said operation, and had plaintiff remained quiet with the proper splints on his leg, his chances of a good union would have been greatly increased.

The evidence was not sufficient to withstand the demurrer thereto or the motion for a directed verdict favorable to defendants.

We therefore hold that there was a failure of proof on the part of plaintiff to substantiate the necessary elements in said cause, and because of said failure of proof said cause is hereby reversed and remanded, with directions to dismiss the same. Kernodle v. Elder, 23 Okla. 743, 102 P. 138.

SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. LESTER, C. J., and RILEY and HEFNER, JJ., absent.