GRANERT v. BAUER (two cases).—67 S. W. (2d) 748.

Eastern Section. July 1, 1933.

Petition for Certiorari denied by Supreme Court, October 19, 1933.

H. B. Mack, of Chattanooga, for appellants.
Strang & Fletcher, of Chattanooga, for appellee.

SENTER, J. These two causes were consolidated and heard together by the same jury. The parties will be referred to as in the court below, Virginia Granert, by next friend, etc., and Mrs. Orlie Granert, as the plaintiffs in the respective cases, and W. Harry Bauer, defendant in the respective cases.

The two suits grew out of the same automobile accident. At a former trial there were verdicts in favor of the respective plaintiffs against the defendant, but these verdicts were set aside and new trials granted on the motion of the defendant.

The causes came on to be tried on November 1, 1932, in the circuit court of Hamilton county, resulting in a jury verdict in favor of the defendant in both cases. Both plaintiffs filed motions for a new trial, the same being a joint motion for the two plaintiffs. This joint motion for new trials was overruled and judgments rendered by the trial judge on the verdict of the jury in favor of the defendant in the respective cases. From the action of the court in overruling their motion for a new trial, both plaintiffs prayed an appeal in the nature of a writ of error to this court. The appeal has been perfected and errors assigned.

In this court the defendant, Bauer, filed a motion to dismiss the appeal on the ground that the transcript of the record showed that there was no order made in the lower court for filing plaintiffs' motion for a new trial, or making same a part of the record in this case. Before proceeding to a consideration of the assignments of error, we will dispose of this motion to dismiss the appeal.

It appears from the record that the causes were tried on November 1, 1932, and a minute entry of that date shows that the jury returned a verdict in favor of the defendant. The record shows a minute entry in the respective cases dated November 23, which is as follows:

"The foregoing case came on to be heard upon motion of the plaintiff for a new trial in the above case, and the Court upon the hearing, being of opinion said motion is not well taken, same is hereby in all things overruled and disallowed, to which action of the Court plaintiff duly excepted and prayed an appeal in the nature of a writ of error to the next term of the Court of Appeals, sitting at Knoxville, Tennessee, which is granted upon plaintiff giving bond or otherwise complying with the law as provided for such appeal.

"Upon application plaintiff is allowed thirty days' time in which to prepare and file a bill of exceptions and otherwise perfect the appeal."

The motion for a new trial is marked filed November 3, 1932. There does not appear to be a minute entry ordering the filing of the motion. However, it does affirmatively appear from the record and from the above quoted minute entry that the motion for a new trial, being the joint motion of both plaintiffs, was heard and overruled by the court on November 23, 1932, and within thirty days after the jury verdict and judgment thereon, and during the same term of the court.

It also appears from the bill of exceptions that the joint motion for a new trial is properly contained in the bill of exceptions, and the

bill of exceptions duly signed by the trial judge and ordered to be filed and made a part of the record.

This case is therefore to be distinguished from the rule and holding as announced by the Eastern Section of this court in Chattanooga-Dayton Bus Line et al. v. Edythe Lynch, 9 Tenn. App., 129, and the case of Whittaker v. Tenn. Central Ry. Co., 3 Tenn. App., 185. In both those cases it appears that no minute entry was made showing the filing of the motion for a new trial, and in both cases the motion for a new trial was not heard within thirty days after the rendition of the judgment and at the same term of court. Those cases and the cases referred to in the respective opinions proceed upon the theory that, in the absence of a minute entry showing that the motion for a new trial is filed, after thirty days the court is without jurisdiction to enter any order in the case. In the present case the motion for a new trial was heard and disposed of by the trial judge within thirty days from the date of the rendition of the judgment and at the same term of the court.

It results that the motion to dismiss the appeal in the respective cases is overruled and disallowed.

This brings us to a consideration of the consolidated cases upon the assignments of error.

The declaration averred in substance that plaintiffs, with other members of the family, were invited guests of defendant, Bauer, who was the owner and operator of the automobile in which they were riding on a Sunday afternoon pleasure drive; that defendant, while driving the automobile in a careless and negligent manner, overturned the automobile, resulting in the injuries complained of. The defendant filed pleas of not guilty to both declarations.

There is very little, if any, conflict in the evidence. It appears that it was a family party out for a Sunday afternoon drive. The party consisted of Harry W. Granert, and wife, Orlie M. Granert, and the minor daughter, Virginia Granert, and W. Harry Bauer. Bauer was the brother-in-law of Granert. Mr. Granert testified in substance that they were taking a leisurely Sunday afternoon drive with defendant, who was driving the automobile at about twenty to twenty-five miles an hour. Mrs. Granert testified that they were ''driving along leisurely, talking and enjoying a Sunday afternoon trip.'' They were driving along the Dayton boulevard, going from Chattanooga to Dayton. This is a paved highway. At the place of the accident there was a fill leading to an overpass over the Southern Railway tracks, and the road at this point had not been paved with concrete, but had a gravel surface. It appears that there were some holes in this part of the gravel road. Mr. Bauer describes the accident as follows:

"We were driving on the Dayton Pike, across an overpass over the Cincinnati Southern Railroad, and on the bottom of the hill the road turns to the left. It is not a sharp turn, it is a gradual turn to the left. And after we made the turn, I saw ahead of me a straight stretch of road, but I saw one or two holes on the right side of the road where I was driving. I tried to avoid those, and when we got close to it, I turned the wheel to the left so as to get out of the hole, and in doing so I ran into a hole that I had not noticed before, that threw the car sharply to the left. I turned the steering wheel to the right, and had already passed the first hole when suddenly the car went into another hole, throwing the car to the left. In order to keep from turning over, I turned the wheel to the right again and the car ran along the edge of the road and tipped over."

There are but two assignments of error: First, to the effect that there is no evidence to support the verdict; and, second, that the trial judge should have granted the motions for new trials. These two assignments present but the single question, and that is, that there was no material evidence to support the jury verdict.

Under these assignments of error it is one of the contentions of appellant that under the uncontradicted evidence the defendant never at any time applied the brakes in an effort to stop the automobile and to prevent the accident. The defendant admits that he did not apply the brakes, and explained that his reason for not doing so was that it would increase the danger to apply the brakes suddenly, and that it was not the safe or proper thing to do in the situation. Another contention made by appellant is that the rule of res ipsa loquitur applies under the facts as disclosed by the record. Under this contention it is urged that the mere happening of the accident implies negligence upon the part of the driver of the automobile.

■ ■ We do not think that either of these contentions can be sustained. As to the first question made, this was a question of fact properly submitted to the jury, as to whether the defendant acted with reasonable care and caution, under the circumstances, in not applying the brakes. This question was fairly submitted to the jury in the general charge. No special requests for further instructions to the jury were tendered by the plaintiffs, and no errors assigned to the charge of the court. As to the second proposition, the rule of res ipsa loquitur has no application to a case of this kind. The rule is stated in 45 C. J., section 768, page 1193, as follows:

"Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it

affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care.''

The above statement of the rule of res ipsa loquitur is based on the expression of an early English case, Scott v. London, etc., Docks Co., 3 H. & C. 596, and has been generally followed both in English and American jurisdictions, and is recognized in this state in Memphis Street R. Co. v. Cavell, 135 Tenn., 462, 187 S. W., 179, Ann. Cas., 1918C, 42; De Glopper v. Nashville R., etc., Co., 123 Tenn., 633, 134 S. W., 609, 33 L. R. A. (N. S.) 913; Martin v. McCrary, 115 Tenn., 316, 89 S. W., 324, 1 L. R. A. (N. S.), 530; Thane v. Douglass, 102 Tenn., 307, 52 S. W., 155; Deming v. Merchants' Cotton-Press Co., 90 Tenn., 306, 17 S. W. 89, 13 L. R. A., 518, and numerous other cases.

The rule is generally applied to common carriers or public service corporations, and more frequently involving contractual relations, but has also been applied to private individuals in the operation of dangerous instrumentalities. However, it never finds application in cases where the proof shows the negligent act relied upon, or where the defendant goes forward with proof explaining the cause of the accident.

In the present case, plaintiffs' proof undertook to set out the acts constituting the negligence relied upon, i. e., that the defendant was driving the automobile in a negligent and careless manner over a bad piece of road, and did not have the automobile under proper control; and also a failure to apply the brakes. The defendant, at the conclusion of plaintiff's evidence, went forward with his evidence, and, by his own testimony, explained in detail how the accident occurred.

Under the facts of the case, we cannot say that the defendant was guilty of negligence as a matter of law. Under his statement, it was a question of fact for the jury to say whether he was guilty of any negligence in operating the automobile.

It results that the assignments of error are overruled, and the judgment of the lower court is affirmed. The appeals being in forma pauperis, the cost of the appeals will be paid by plaintiff.

Heiskell and Anderson, JJ., concur.