[No. 31354. *En Banc.* February 8, 1951.]

GUS MADIS, *Appellant,* v. WILLIAM J. STELLWAGEN *et al.,*
*Respondents.*[1]

*Lenihan & Ivers,* for appellant.

*Eggerman, Rosling & Williams,* for respondents.

[1] Reported in 227 P. (2d) 445.

GRADY, J.—This action was brought by appellant to recover damages he alleged resulted from an operation upon one of his eyes performed by respondent William J. Stellwagen, a physician and surgeon specializing in eye treatment and surgery. At the close of the evidence submitted to the jury by appellant the court sustained a challenge to its sufficiency. An order was entered dismissing the action, from which this appeal has been taken.

The record shows that in the performance of an operation upon one of the eyes of appellant, the respondent inserted a number of minute metallic needles, each one of which had been threaded with black silk. When the operation was finished the needles were removed, but respondent discovered that one of them was missing. There was one thread more than the number of removed needles. The respondent endeavored to locate the missing needle in the eye, but was unable to find it. No use was made of an X ray to aid in discovering the needle. About eleven days after the operation, the respondent by use of X-ray equipment located the needle in the eye and removed it. The appellant has lost the use of that eye.

During the argument upon the challenge to the sufficiency of the evidence, a question arose as to whether the allegations of the complaint were broad enough to present the theory that respondent was negligent in not removing one of the needles from appellant's eye. The court permitted appellant to amend the complaint so as to charge respondent more definitely with negligently failing to remove all of the needles that had been put in the eye.

We have examined the complaint and the trial amendment and are of the opinion that respondent was charged with negligence by leaving a needle used in the operation in appellant's eye, and also in failing to remove the needle, and that the complaint, especially after it was amended, was broad enough to warrant the reception of the evidence submitted by appellant. Evidence with reference to each of these theories was adduced while respondent was testifying as an adverse witness, and if there was any doubt

on the subject the complaint should have been treated as amended to conform to the proof.

When it was made to appear that the needle had been left in appellant's eye, and that, by the use of the X ray, its presence and location later became known, the jury would have had the right to infer that if the X ray had been used before the operation was closed, the presence of the needle would have been discovered and could have been removed. It may be that the condition of the eye was such that the presence of the needle would not have been discovered by the X ray at the close of the operation, or there were other sufficient reasons why proper surgical practice justified the omission to use the X ray at that particular time, but the burden was upon the respondent to go forward and submit evidence upon such questions. The court should not have sustained the challenge to the sufficiency of the evidence.

We have considered the theory of respondent as outlined in his statement of question involved and in his brief to the effect that a case for the jury was not made out when it appeared that respondent closed the operation knowing that a needle was missing, and, believing that it was either in the eye or in the orbit, made a search for such needle until in his professional judgment further search would endanger the safety of the patient. This theory is not tenable in view of the inference which may be drawn from the failure of respondent before closing the operation to use X ray equipment in an effort to locate the needle in the eye. It was the duty of respondent, when he either knew or had good reason to believe that the missing needle was or might be in the eye, to use available methods known to his profession to locate the missing needle.

The judgment is reversed and the cause remanded for a new trial.

ALL CONCUR.