AGNES WOOTEN v. DR. TOM CURRY et al.

WILLIAM H. WOOTEN v. DR. TOM CURRY et al.
—362 S.W.(2d)820.

Eastern Section. September 8, 1961.

Rehearing Denied December 1, 1961.

Certiorari Denied by Supreme Court November 9, 1962.

Walter L. Lusk, Chattanooga, for plaintiffs in error.

Strang, Fletcher, Carriger, & Walker, Chattanooga, for defendants in error.

McAMIS, P. J. Plaintiff Agnes Wooten sued Dr. Tom Curry for malpractice in failing to make periodic examinations following an operation involving the female organs which the declaration charges caused the vagina to "grow together" to the extent that it was almost completely closed. Her husband sued for loss of services and medical expenses and the two suits were consolidated for trial. From the action of the Court in directing a verdict at the close of plaintiffs' evidence, the plaintiffs have appealed.

For some time prior to May, 1958, Mrs. Wooten suffered from a prolapse or dropping of the womb and a protrusion of the walls of the rectum through the vaginal opening. She was advised by Dr. Curry to correct these conditions by surgery and that a hysterectomy was necessary. Dr. Curry performed a hysterectomy in his clinic on May 19, 1958, where Mrs. Wooten remained under his care for a period of nine days when she was allowed to return home and was told to return for a check-up at the end of six weeks. The site of the operation was not examined by defendant during this period.

When plaintiff returned at the end of six weeks defendant still did not examine her but gave her some medication and told her to return home and cleanse her female organs. She testified that when she returned home she discovered that she could not use the medicine because her female organs had grown together. She then returned along with her husband and daughter to defendant's clinic and reported this condition. According to their testimony defendant then for the first time examined her and admitted that the vagina was practically closed.

The daughter's testimony is to the effect that defendant stated upon completing the examination that he did not know why planitiff was in this condition; that he did not intend for it to happen "and if he had examined her sooner he would have seen it".

We quote Mr. Wooten's testimony as to the statement made by Dr. Curry on this occasion:

"That is the only thing I have to go by, just what he told me. That was the only thing that looked like it caused it. He said he was sorry it happened and could have probably have avoided it if he had checked on her as he should."

Plaintiffs insist that the foregoing statement of Dr. Curry constitutes an admission or declaration against interest and is sufficient evidence to require submission of cases to the jury but, if not, plaintiffs were entitled to go to the jury under the doctrine of res ipsa loquitur. We have concluded, for reasons to be stated, that the statement attributed to Dr. Curry, unexplained as it is in the present record, is some evidence that, in not examining Mrs. Wooten sooner, Dr. Curry failed to

exercise his best judgment and that this was the probable cause of the condition which followed the operation.

It is correctly said by defendant's counsel that the testimony of Dr. Wood, a witness for plaintiffs, shows that there is no fixed rule prevailing in Chattanooga as to whether in this type of operation it is better to run the risk of infection by making a manual examination and that, whether in a given case, the examination should be made must be left to the judgment of the physician in charge.

■ Where a physician in the exercise of his best judgment follows an alternative course of treatment sanctioned and approved by competent medical authority he can not be held liable because he failed to pursue another and different course. Casenburg v. Lewis, 163 Tenn. 163, 40 S. W. (2d) 1038; Quinley v. Cocke, 183 Tenn. 428, 441, 192 S. W. (2d) 992; Gresham v. Ford, 192 Tenn. 310, 241 S. W. (2d) 408; Floyd v. Walls, 26 Tenn. App. 151, 168 S. W. (2d) 602, 607.

■ A physician's contract of employment, however, requires that he use his own best judgment in the treatment of his patient and he may be held liable for failure to do so. Blankenship v. Baptist, etc. Hosp., 26 Tenn. App. 131, 168 S. W. (2d) 491 and cases there cited. 41 Am. Jur. 6, 198, Physicians and Surgeons, Section 79; 70 C.J.S. Physicians and Surgeons sec. 41, p. 948.

Dr. Curry's contract of employment required him, in the care of Mrs. Wooten following the operation, to choose between the recognized alternative methods and to exercise his own best judgment as to the wisdom of making a manual examination. The statement attributed to him by Mr. Wooten, unexplained, could be considered

by the jury as showing a failure to do what he thought "should" have been done in his particular case. This implies a negligent failure to bring to bear upon the case his best judgment as to the course to be followed.

The meaning of, and the weight to be given an admission or declaration against interest are generally questions for the jury. West v. Southern Ry. Co., 20 Tenn. App. 491, 100 S. W. (2d) 1004, and authorities there cited.

An operating surgeon must, after performing an operation, exercise the same skill and judgment in the subsequent necessary treatment as in performing the operation unless excused by the terms of employment or by the patient and may be held answerable in damages for failure to exercise such skill and judgment in the postoperative care and treatment of the patient. 41 Am. Jur. 214, Physicians and Surgeons, Section 98.

It is insisted by defendant's counsel that declarations against interest and admissions made by a physician are not competent evidence of negligence in an action for malpractice.

We think the admissibility of such statements by a physician is to be governed by the same rules as if the statement had been made by the declarant as a witness. It is necessary, of course, that it be contrary to the interest of the declarant and, if in the form of an opinion, about a subject upon which the declarant would be competent to speak as an expert witness. It must be something more than a statement of failure to effect a cure or to adopt one recognized alternative method of care or treatment in preference to some other recognized method. In short, it must purport to show a failure to

exercise proper care according to the physician's best judgment in the particular case under consideration.

■ We think the statement upon which the plaintiffs here rely meets all of these criteria.

Cases generally sustaining the admissibility of such declarations in malpractice cases and cited in the supporting brief include Madis v. Stellwagen, 38 Wash (2d) 1,227 P. (2d) 445; Beringer v. Lackner, 331 Ill. App. 591, 73 N. E. (2d) 620; Thomas v. Merriam, Mont., 337 P. (2d) 604; Bungardt v. Younger, 112 Okl. 165, 239 P. 469; Scott v. Sciaroni, 66 Cal. App. 577, 226 P. 827; Wickoff v. James, 159 Cal. App. (2d) 664, 324 P. (2d) 661.

We hold that the statement of Dr. Curry in the absence of any explanation made a prima facie case of negligence and proximate cause.

■ In view of the necessity for another trial, we think it is proper to say we think the learned trial judge correctly held inapplicable the doctrine of res ipsa loquitur both because the proof shows that Mrs. Wooten's condition could have occurred from a number of causes other than the negligence of defendant, Poor Sisters, etc. v. Long, 190 Tenn. 434, 230 S. W. (2d) 659, and because the doctrine is not applicable where the proof shows the negligent act relied upon. Granert v. Bauer, 17 Tenn. App. 370, 67 S. W. (2d) 748. To apply the latter holding, if, as we hold, the purported statement of Dr. Curry is evidence that he negligently failed to examine Mrs. Wooten and that this was the probable cause of her condition, res ipsa becomes inapplicable.

Costs of appeal will be taxed to defendants in error and the causes remanded for another trial.

Hale and Cooper, JJ., concur.

On Petition to Rehear

Defendants have filed a petition to rehear and additional authorities have been cited by both parties.

As in their original brief, defendants again rely strongly on Dr. Wood's testimony that there are two schools of thought as to whether it is best to examine the patient and run the risk of infection. His testimony on that subject was not developed to show how long such examination should be postponed according to the school of thought favoring delayed examination. His testimony, however, shows that all danger of infection had passed at the end of nine days when Mrs. Wooten was discharged from the hospital and there is no testimony that, according to any recognized school of thought, examination should be delayed after that danger has passed. His testimony is also to the effect that it is "common sense" that Mrs. Wooten's present condition should not result from this type of operation and that the operating surgeon should take precautions to see that the tissues do not grow back together.

We attempted in our original opinion to make clear the conditions under which a declaration or admission by a physician would be admissible in a suit for malpractice and held that the declaration of Dr. Curry that he "should" have examined the patient implied that in this instance he failed to use his best judgment. The remarks of the trial judge in passing on the motion for a directed verdict indicate that if this language had been brought to his attention the case would have been allowed to go to the jury. In speaking of the alleged admission by Dr. Curry, he said:

"The doctor did not say 'I should have done this thing'. He said, 'If I had looked, I would have seen it' as I understand the testimony."

Defendants rely strongly upon Quickstad v. Tavenner, 196 Minn. 125, 264 N. W. 436; Loudon v. Scott, 58 Mont. 645, 194 P. 488, 12 A. L. R. 1487 and Fink v. Steele, 166 Md. 354, 171 A. 49. These cases proceed on the theory that an admission of failure to do what "should" have been done fails to show a lack of skill and judgment—not that it implies a failure to exercise the best judgment of which the physician was capable.

█ Where there is no emergency involved in the post operative care of a patient a physician is duty bound to exercise his own best judgment between standard and recognized methods and practices. See Casenberg v. Lewis, 163 Tenn. 163, 40 S. W. (2d) 1038; Quinley v. Cocke, 183 Tenn. 428, 192 S. W. (2d) 992 both in our original opinion, and 41 Am. Jur. 201.

Cases holding expressions by a physician more or less similar to that here involved competent as an admission and sufficient to carry the case to the jury include Pappa v. Bonner, 286 Ala. 185, 105, So. (2d) 87 (1958); Sheffield v. Renner (Cal. App., 1958) 328 P. (2d) 828; Rotan v. Breenbaum, 107 U. S. App. D. C. 16, 273 F. (2d) 830 (1959); Thomas v. Merriam, 337 P. (2d) 604 (Mont. 1959); Greenwood v. Harris, 362 P. (2d) 85 (Okla. 1961); Woronka v. Sewall, 320 Mass. 362, 69 N. E. (2d) 581; Mehigan v. Sheehan, 94 N. H. 274, 51 A. (2d) 632; Strickleman v. Synhorst, 243 Iowa 872, 52 N. W. (2d) 504. And see generally 70 C. J. S. Physicians and Surgeons sec. 62, p. 1008.

Upon further reflection we are constrained, both upon reason and the clear weight of authority, to adhere to our original view that plaintiffs are entitled to have their cases go to the jury. Accordingly the petition to rehear is denied.